PER CURIAM.
This is a petition for writ of certiorari which addresses the trial court’s denial of petitioner’s motion to amend her complaint to substitute Dr. Manuel Garcia for Dr. Trinidad Garcia as the proper defendant after the statute of limitations had run as to Dr. Manuel Garcia.
The facts reflect that petitioner received a gunshot wound to her stomach, and went to Raulerson Hospital for treatment. Surgery was performed at the hospital by Dr. Manuel Garcia, with his wife, Dr. Trinidad Garcia, assisting. The two doctors practiced as Garcia & Garcia, M.D.’s, P.A. Upon her release from the hospital, petitioner developed complications which required further hospitalization and surgery and caused permanent injuries.
Maintaining that the complications were caused by medical negligence, petitioner retained her former counsel, who sent a letter to Dr. Manuel Garcia, advising him of the possible claim against him. Dr. Manuel Garcia referred the letter to legal counsel for his malpractice insurance carrier. When suit was instituted, however, petitioner’s prior counsel named Dr. Trinidad Garcia as the defendant and process was served on that doctor, who answered and prepared to defend the action. At petitioner’s deposition, she learned that she was suing the assisting surgeon, a female, instead of the male lead surgeon. Thereupon, petitioner unsuccessfully sought the above amendment to the pleadings.
The parties’ briefs present the issue whether petitioner should have been allowed to amend her complaint, deleting the named physician and substituting her husband as a defendant despite the running of the statutory limitation period. We find, however, a more troublesome initial question involved here: the propriety of permitting Dr. Trinidad Garcia to defeat the petitioner’s motion by raising a defense that went not to the claim against herself, but against Dr. Manuel Garcia. One might expect a party to support a motion that would result in her dismissal as a defendant in a lawsuit, rather than to actively oppose it. However, here the two defendants are husband and wife as well as shareholders in their P.A.; and we can perceive the wife’s possible strategy of waiting until the statute had run in order to protect her husband/co-shareholder (and perhaps herself indirectly). The trial court, nevertheless, improperly permitted Trinidad Garcia to raise Manuel Garcia’s defense. The appropriate course would have been to allow the amendment and permit Dr. Manuel Garcia to raise the statute of limitations once he had been served, if he desired. For this reason, we vacate the trial court’s order denying petitioner’s motion to amend and remand for entry of the desired amendment, subject to the husband’s right to raise the defense.
BERANEK and WALDEN, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.