458 So.2d 845 (1984)
Frank D. JOHNSON and Betty J. Johnson, Appellants,
v.
TAYLOR RENTAL CENTER, INC., a Foreign Corporation; Hartford Accident and Indemnity Company, a Foreign Corporation; a-1 Sales and Rental Enterprises, Inc., a Florida Corporation; and Louisville Ladder, a Division of Emerson Electric Company, a Foreign Corporation, Appellees.
No. 84-650.
District Court of Appeal of Florida, Second District.
November 7, 1984.
*846 Michael W. Ross of Goodheart & Ross, P.A., Bradenton, for appellants.
William M. Schneikart of Jacobs, Robbins, Burns, Cole & Shasteen, P.A., St. Petersburg, for appellee A-1 Sales and Rental Enterprises, Inc.
GRIMES, Acting Chief Judge.
This appeal involves the relation back of amended pleadings which seek to add a new party defendant subsequent to the running of the statute of limitations.
On September 20, 1982, Frank Johnson, joined by his wife, filed a negligence action alleging that he was injured on October 19, 1978, when he fell from a defective ladder rented from Taylor Rental Center, Inc. Attached to the complaint was a copy of a receipt for the ladder in the name of "Taylor Rental Center," which contained the words "Franchised By Taylor Rental Corporation, Box 2618, Springfield, Massachusetts." In its answer filed on October 8, 1982, Taylor Rental Center, Inc., a Massachusetts corporation, admitted that it was "doing business in Manatee County State of Florida, involving the rental of tools and equipment." However, it denied having rented the ladder. In 1983, at a time well beyond four years from the date of the accident, the plaintiffs obtained an order authorizing them to file a third amended complaint adding A-1 Sales and Rental Enterprises, Inc., a Florida corporation, as an additional defendant. According to the third amended complaint, the ladder had actually been rented from A-1 Sales and Rental Enterprises, Inc., which was operating pursuant to a franchise agreement with Taylor Rental Center, Inc. Upon motion to dismiss, the court entered an order dismissing A-1 Sales and Rental Enterprises, Inc., for failure to bring suit against A-1 Sales within the period of the statute of limitations.
The plaintiffs assert that their third amended complaint adding A-1 Sales and Rental Enterprises, Inc., as a party defendant should relate back to the date of the original complaint, which was filed within the four year statute of limitations. In support of their position they cite several cases which hold that the filing of an amended complaint to add an additional party defendant in order to correct a misnomer relates back to the filing of the original complaint. Cabot v. Clearwater Construction Co., 89 So.2d 662 (Fla. 1956); Hohl v. Croom Motrocross, Inc., 358 So.2d 241 (Fla. 2d DCA 1978); B & H Sales, Inc. v. Fusco Corp., 342 So.2d 105 (Fla. 2d DCA 1977); Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA), cert. denied, 238 So.2d 109 (Fla. 1970); Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA), cert denied, 201 So.2d 895 (Fla. 1967). The recurrent theme of these cases is that the amendment should be permitted to relate back where it merely changes the capacity in which a defendant has been sued. More often than not, the original defendant lulled the plaintiff into believing that he had sued the correct party until after the statute of limitations expired.
Here, the amendment sought to do more than correct a misnomer. There is no indication of any connection between the two corporations except that of franchisor and franchisee. Although they carry liability insurance with the same company and are represented by the same attorney, these facts do not change the relationship. The rule which permits the relation back of amended pleadings does not apply where an entirely new party is added. Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977), dismissed, 359 So.2d 1217 (Fla. 1978). Moreover, the issuance of a receipt in the name of "Taylor Rental Center" is insufficient, by itself, to provide a basis for extending the statute of limitations. Hence, the amendment seeking to add A-1 Sales and Rental Enterprises, Inc., came too late and does not *847 relate back to a time prior to the running of the statute of limitations.
Affirmed.
SCHEB and DANAHY, JJ., concur.