462 So.2d 54 (1984)
MICHELIN REIFENWERKE, A.G., Appellant,
v.
Susan Ann ROOSE, and Michelin Tire Corporation, Appellees.
No. 81-1878.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Rehearing Denied February 1, 1985.
*55 Larry Klein, West Palm Beach, for appellant.
Christian D. Searcy of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellees.
WALDEN, Judge.
The trial court granted plaintiff's motion to amend her complaint by interlineation thereby adding Michelin Reifenwerke, A.G. as a party defendant. The addition related back to the time of filing the original complaint. The relation back nullified the Statute of Limitations which had run as to this new defendant prior to the time of the order. The stated basis for the order was "misnomer" and to correct an ambiguity in the captioning of the case. Michelin Reifenwerke, A.G. appeals. We reverse.
The husband of Susan Ann Roose was killed in an automobile accident due to an allegedly defective automobile tire. Mrs. Roose sued Michelin Tire Corporation, a foreign corporation, for wrongful death alleging that it manufactured the tire. Michelin Tire Corporation answered and generally denied the allegations not admitted, which denial necessarily included a denial that it manufactured the tire. At the time the answer was filed this defendant did not know the identity of the tire manufacturer. Much later this defendant conducted discovery and inspected the tire which was in plaintiff's possession. It then learned in November, 1979, for the first time that it did not manufacture the tire. The answer included a number of affirmative defenses of a kind that one would expect a manufacturer to make. Thus, the answer was inconsistent as sanctioned by Florida Rule of Civil Procedure 1.110(g). In any event, the state of the pleadings was such as to put the burden of proving that Michelin Tire Corporation manufactured the tire upon the plaintiff.
Interrupting in the interest of clarity, there are three corporations involved in this action:
1. Defendant, Michelin Tire Corporation, an American (New York) corporation.
2. Defendant, Michelin Reifenwerke, A.G., a West German corporation.
3. Compagnie Generale des Establissments Michelin, a French corporation.
(Hereafter the above corporations will be referred to by their nationality).
The American and German companies are wholly owned subsidiaries of the French company.
Reflecting the essential calendar of events:
1. The accident occurred on May 1, 1978.
2. Suit was filed in July, 1979.
3. The American company answered in August, 1979.
4. The Statute of Limitations expired on May 1, 1980.
5. The American company moved for a summary judgment apparently in June or July, 1980, on the grounds that it did not manufacture the tire.
6. Plaintiff moved to amend by interlineation on October 10, 1980, to add the *56 German company as a defendant because it in fact manufactured the tire.
7. The order being appealed was entered on September 18, 1981.
Historically and as an aside, the appealed order did more than grant plaintiff's motion to amend by interlineation. Because of the American company's disregard of the court's discovery orders of January 28, 1981, and April 14, 1981, the court struck the American company's "defense of who manufactured the tire." That portion of the order has not been appealed. From the recitals it does not appear that the plaintiff's discovery efforts were commenced until after the Statute of Limitations had run. Consequently, it cannot be said that the American company frustrated or thwarted the plaintiff's efforts to timely discover the identity of the tire manufacturer.
As we analyze it, the only factor supportive of plaintiff's position is the fact that the American and German companies are subsidiaries of the French company. Absent this linkage plaintiff would not even have an argument in our opinion as concerns misnomer. Is this enough to support jurisdiction over the German company? We think not under the circumstances of this case.
Bound as we are by the record presented, we notice among other things, the following critical facts:
1. The American and German companies are totally separate, distinct entities and do not share any common officers, directors or employees.
2. The American company manufactures tires and all of its plants, facilities and offices are located in the United States.
3. The German company manufactures "Sears" brand tires which are sold to Sears in Europe. All of its plants, facilities and offices are located in West Germany, and it only does business in Europe.
4. The French company does not manufacture tires. There are no common officers, directors, managers or employees as concerns the three companies.
5. The German company was not informed of this lawsuit until January, 1981, which date was after the Statute of Limitations had run.
Not usually, there is charge and countercharge found in the briefs.
A. The German company suggests that plaintiff was remiss, in the fact of the answer denying manufacture, in failing to timely discover the correct identity of the manufacturer. We tend to agree. There are numerous discovery measures in the rule book which could have been employed but were not. The complaint states that it was a Sears tire but it does not appear that plaintiff asked Sears the name of the manufacturer. The tire face says it was made in West Germany. The tire's D.O.T. number is a matter of public record, which number indicates that it was manufactured by the German company. The tire, of course, was in plaintiff's possession.
For as much as the record reflects, plaintiff did nothing on this account until the matter was brought home to plaintiff by the other side's motion for summary judgment.
B. Plaintiff suggests that the American company was remiss in not advising plaintiff of the identity of the correct manufacturer when the American company learned of it in November, 1979. Accepting that the American and German companies are separate and distinct entities, and the other facts of this case, we disagree and say that the American company was not legally obliged to do more than it did, which was to deny manufacture and thus put the burden of developing the case on plaintiff.
C. Plaintiff suggests most strongly that the action of the American company in refusing to make discovery prejudiced them. Assuming that it did, the American company was visited with sanctions as above mentioned and we hardly see how its actions in the case should serve as a basis for punishing the German company, a separate entity.
We have examined the several cases relied upon by plaintiff, Mrs. Roose, and find *57 them to be distinguishable or inapplicable to the facts in this case. The rather common thread found in them, not present here, is that the newly added party had early knowledge of the litigation, that is to say, prior to the running of the Statute, and knew or should have known that the plaintiff had made a mistake or was guilty of a misnomer as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party.
In sum, we hold:
1. Service of process was not obtained upon the German company.
2. There was no misnomer subject to correction and relation back so as to avoid the Statute of Limitations.
We reverse upon authority of Johnson v. Taylor Rental Center, Inc., 458 So.2d 845 (Fla. 2d DCA 1984); Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977), dismissed 359 So.2d 1217 (Fla. 1978); Hughes Air Corporation v. Maricopa County Superior Court, 114 Ariz. 412, 561 P.2d 736 (1977); Volkswagenwerk Atkiengelselischaft v. McCurdy, 340 So.2d 544 (Fla. 1st DCA 1976).
REVERSED.
DOWNEY and HURLEY, JJ., concur.