505 So.2d 577 (1987)
Linda Gail LINDSEY, Appellant,
v.
H.H. RAULERSON JUNIOR MEMORIAL HOSPITAL and Trinidad Garcia, Individually, Jointly and/or Severally, Appellees.
Nos. 4-86-0195, 4-86-0455.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
*578 R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellant.
Robert J. Burke of Thornton Herndon & Mastrucci, Miami, for appellees.
STONE, Judge.
This is an appeal from a final order dismissing a malpractice claim with prejudice upon application of the Statute of Limitations. § 95.11, Fla. Stat. (1985).
Dr. Manuel Garcia performed surgery upon the appellant. Dr. Trinidad Garcia, his wife, was his associate in a Professional Association and participated in the case.
Plaintiff's initial suit against Dr. Trinidad Garcia did not include Dr. Manuel Garcia as a party. After the running of the two year Statute the plaintiff sought leave to add a party. Following a non-final appeal, Lindsey v. H.M. Raulerson, Junior, Memorial Hospital, 452 So.2d 1087 (Fla. 4th DCA 1984), appellant was permitted to file an amended complaint.
The trial court then entered a final order of dismissal rejecting plaintiff's argument that the amended complaint should "relate back" to the date of filing of the initial complaint.
It is undisputed that Dr. Manuel Garcia had direct knowledge of the original claim and even participated in prelitigation correspondence with respect to it. He also was aware of the filing of the original complaint against Dr. Trinidad Garcia. The initial complaint was filed a few days prior to the running of the statute. Several months passed before plaintiff first sought leave to amend.
We agree with the trial court's conclusion that this was not a mere misdescription of a party or a "misnomer." The facts here are insufficient to support application of the relation back principle.
An amendment to a timely filed pleading will relate back where a party is not correctly described. Cabot v. Clearwater Const. Co., 89 So.2d 662 (Fla. 1956); State ex rel. First Trust & Savings Bank v. Sutherland, 106 Fla. 103, 142 So. 883 (1932); Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970).
However, in this case there was no misnomer, rather a totally separate party was added. Here, the defendant was not named in the initial complaint by any description. Their P.A. was not involved. Here, there was no reason to conclude that Manuel Garcia should have considered himself to be the party who was sued. Here, it cannot be said that Trinidad was used by Manuel as a shield, or that he engaged in any fraudulent, or other unacceptable conduct causing the prejudice to the plaintiff. The relation back rule, therefore, should not be applied in this case. See Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54 (Fla. 4th DCA 1984) (company sued sufficiently independent of company sought to be added so as to preclude relation back). Louis v. South Broward Hospital District, *579 353 So.2d 562 (Fla. 4th DCA 1977) (relation back is inapplicable where effect is to bring in new parties); Fabal v. Florida Keys Memorial Hospital, 452 So.2d 946 (Fla. 3d DCA 1984) (statute of limitations against insurance company begins to run on date of injury, not on date of discovery that the tortfeasor is insured); Garrido v. Markus, Winter and Spitale Law Firm, 358 So.2d 577 (Fla. 3d DCA 1978) (relation back applies only where there has been a misnomer); Johnson v. Taylor Rental Center, Inc., 458 So.2d 845 (Fla. 2d DCA 1984) (relation back permits correction of misnomers, but not addition of new parties).
We therefore affirm the final order of the trial court.
DOWNEY and DELL, JJ., concur.