WARNER, Judge,
concurring specially.
I concur, albeit reluctantly, in the denial of the petition for certiorari review of the trial court’s order denying the motion to amend to add a party. I do so because of the supreme court’s decision in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). In that case, the court narrowed certiorari jurisdiction and in dicta directly commented that permitting certio-rari review of orders denying motions to join or dismiss parties would result in “unwarranted harm to our system of procedure.” Thus, if there is an adequate remedy on plenary appeal, petition for a writ of certiorari must be denied.
*1279 It appears to me that the trial court departed from the essential requirements of law in denying the motion to amend, apparently basing its denial on the ground that the proposed party could not be brought in because the statute of limitations had run against that party. The trial court thus collapsed two procedural steps into one, even though the statute of limitations is a defense which must be pled to constitute a bar and can be tolled or waived, necessitating the presentation of evidence. It is also a defense which the existing defendants had no standing to raise in opposition to the motion. However, the petitioner never addressed the inadequacy of plenary appellate review, and through my own research I cannot conclude that such review will be legally inadequate.
I believe that the correct way to treat this petition should be the way this court treated a very similar factual circumstance in Lindsey v. H.M. Raulerson, 452 So.2d 1087 (Fla. 4th DCA 1984), appeal after remand, Lindsey v. H.H. Raulerson, Jr. Memorial Hospital, 505 So.2d 577 (Fla. 4th DCA 1987), rev. denied, Lindsey v. Garcia, 513 So.2d 1062 (Fla.1987), and Surettee v. Galiardo, 309 So.2d 253 (Fla. 4th DCA 1975). Nevertheless, not being able to ascertain an inadequacy in the appellate plenary process I am bound by Martin-Johnson to deny the petition.