610 So.2d 62 (1992)
ST. JOHN'S HOSPITAL AND HEALTH CENTER, Appellant,
v.
Barbara K. TOOMEY, Beverly K. Olson, and Northern Trust Bank of Florida, N.A., as Co-Personal Representatives of the Estate of James L. Knight, and the Estate of James L. Knight, Appellees.
No. 92-358.
District Court of Appeal of Florida, Third District.
December 8, 1992.
*63 Broad and Cassel, Harry A. Payton and Ricardo Torres, Jr., Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole, Aubrey V. Kendall and Jack A. Falk, Miami, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
St. John's Hospital and Health Center Foundation [Foundation], appeals from an order granting the defendants' [hereinafter the Estate] motion to dismiss the complaint/amended complaint and the motion to quash service of the amended complaint with prejudice. The Foundation also appeals from the order denying its motion for rehearing. We reverse the order dismissing the complaint/amended complaint and remand for further proceedings.
James L. Knight, while a patient at St. John's Hospital and Health Center [Hospital], allegedly promised to donate to the Foundation a magnetic resonance imaging unit. The Foundation is the fund-raising and development arm of the Hospital. Knight, however, passed away prior to completing the gift or putting the agreement into writing.
After Knight's death, the Hospital filed a probate claim in Knight's estate proceeding for the medical bills incurred by Knight prior to his death. The Foundation filed a claim for $5,000,000 which represents the value of the promised gift. On May 2, 1991, the Estate filed an objection to the Foundation's claim.
On June 3, 1991, a complaint was filed within the 30 day period set forth in Section 733.705(4), Florida Statute (1991). The complaint named the plaintiff as "St. John's Hospital and Health Center" instead of "St. John's Hospital and Health Center Foundation." However, the $5,000,000 claim filed by the Foundation was attached to the complaint and incorporated by reference.
On June 11, 1991, after the expiration of the 30 day period, but before the filing of a responsive pleading, an amended complaint was filed which changed the plaintiff's name to "St. John's Hospital and Health Center Foundation." The amended complaint and attached exhibits were identical to the complaint and exhibits originally filed.
On June 27, 1991, the Estate filed a motion to dismiss the complaint and amended complaint raising several grounds, including: 1) the Hospital's failure to file a statement of claim concerning the allegations in the complaint in the probate proceeding prior to filing an independent action against the Estate; and 2) the Foundation's failure to file an independent action within 30 days after the service of the Estate's objection to the Foundation's statement of claim.
Prior to the hearing on the motion to dismiss, interrogatories were served on and answered by the Foundation; requests for production were served on and responded to by the Foundation; two of the Foundation's executive vice presidents were deposed; and the president of the Hospital was deposed.
The motion was heard. On December 11, 1991, the trial court entered an order granting the motion to dismiss and motion to quash service with prejudice. The trial court found that the amended complaint filed June 13, 1991, did not relate back to the complaint filed on June 3, 1991, and therefore, was barred as untimely pursuant to Section 733.705(4).
On December 23, 1991, the Foundation filed a motion for rehearing. On December 24, 1992, the Foundation served a Petition to Extend Time for Filing Independent Action. *64 The trial court never ruled on this motion. On January 29, 1992, the trial court denied the Foundation's motion for rehearing. This appeal follows.
The Foundation contends that the trial court erred in finding that the amended complaint did not relate back to the original complaint. We agree.
An amendment to a complaint which merely corrects a misnomer relates back to the date the complaint was originally filed. On the other hand, the amended complaint does not relate back where it has the effect of bringing a new party into the action. See Cabot v. Clearwater Constr. Co., 89 So.2d 662 (Fla. 1956); Troso v. Florida Ins. Guar. Ass'n, Inc., 538 So.2d 103 (Fla. 4th DCA 1989); Lindsey v. H.H. Raulerson Junior Memorial Hosp., 505 So.2d 577 (Fla. 4th DCA), rev. denied, 513 So.2d 1062 (Fla. 1987); Louis v. South Broward Hosp. Dist., 353 So.2d 562 (Fla. 4th DCA 1977), dismissed, 359 So.2d 1217 (Fla. 1978).
Under the facts of the instant case, it is clear that the amended complaint merely corrected a misnomer in the plaintiff's name from "St. John's Hospital and Health Center" to "St. John's Hospital and Health Center Foundation." The amended complaint and original complaint were identical except for the correction of the plaintiff's name. The text of both complaints clearly indicated that it was the alleged promise that was the subject of the suit. Additionally, the Estate had actual knowledge that the Foundation was the intended plaintiff since the $5,000,000 probate claim was attached to the complaint. Finally, the Estate was not prejudiced by the amendment. Accordingly, the trial court erred in dismissing the complaint/amended complaint.
As a result of our disposition on the above issue, we do not need to address the remaining points raised on appeal.
Reversed and remanded for further proceedings.