813 So.2d 135 (2002)
Renna PATEL, Appellant,
v.
SCHOOL BOARD OF VOLUSIA COUNTY, Florida, Appellee.
No. 5D01-1052.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
Rehearing Denied April 15, 2002.
*136 Jonathan Rotstein, Daytona Beach, and Bill McCabe, Longwood, for Appellant.
Michael A. Kundid and Theodore R. Doran, of Doran, Wolfe, Rost & Ansay, Daytona Beach, for Appellee.
SHARP, W., J.
This is an appeal of an order which dismissed Patel's complaint with prejudice when she sought to add the Volusia County School Board (the "School Board") as a defendant in her negligence action, after the statute of limitations had expired. Patel had erroneously listed the County of Volusia (the "County") as the defendant in her initial complaint, and she argues on appeal that the relation-back doctrine should apply, claiming the error was merely a misnomer. We affirm.
The caption and body of the complaint referred to the County as the sole defendant, not the School Board. It was not until September of 2000, after the statute of limitations had run, that Patel filed a motion to amend the complaint and a First Amended Complaint, which referred to the School Board as a defendant.
An amended complaint does not relate back to the original filing date where it has the effect of adding a new party to the cause of action. West Volusia Hospital Authority v. Jones, 668 So.2d 635 (Fla. 5th DCA 1996); Johnson v. Taylor Rental Center, Inc., 458 So.2d 845 (Fla. 2d DCA 1984); Louis v. South Broward Hospital Dist., 353 So.2d 562 (Fla. 4th DCA 1977). The relation back doctrine may be applied to new parties only if the new party is sufficiently related to the original party so that no prejudice to the new party will occur. Darden v. Beverly Health and Rehabilitation, 763 So.2d 542 (Fla. 5th DCA 2000); Schwartz v. Wilt Chamberlain's, 725 So.2d 451 (Fla. 4th DCA 1999).
We affirm the trial court here because we do not find that the School Board and the County are sufficiently related to justify application of the relation-back doctrine. Although both are subdivisions of the State, they are independent agencies and the required identity of interest is not present. See Wilt Chamberlain's.
Patel also argues there was no prejudice in this case because the School Board was aware it was subject to a potential lawsuit because Patel filed a notice of claim in October of 1999. This notice and a denial of claim by the School Board, are conditions precedent to a lawsuit and must be presented within three years after the claim arises. § 768.28(6). In this case, the notice was not presented within three years, and there was no denial of claim by the School Board. In addition, the notice was served upon the Superintendent of Schools, not the "head of the agency," in this case the School Board, as is required by section 768.28(7).
In any event, knowledge of impending litigation should not necessarily impact the relation-back doctrine. Thomas v. Taylor Creek Marina of Fort Pierce, Inc. 520 So.2d 708 (Fla. 4th DCA 1988). A claim is not necessarily a lawsuit. Rather it is a demand for something due as a matter of right Kuper v. Perry, 718 So.2d 859, 860 (Fla. 5th DCA 1998). It does not follow that a law suit will always be filed.
Lastly, we observe that the only record evidence in this case which demonstrates that the School Board had actual knowledge *137 of the law suit was a notice of appearance filed by the School Board's attorney on December 7, 2000, which was also after the statute of limitations had expired.
AFFIRMED.
PETERSON, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
Renna Patel ["Patel"] has appealed the order which dismissed with prejudice her personal injury lawsuit against the School Board of Volusia County ["School Board"] based on expiration of the statute of limitations.
Patel was injured on May 3, 1996, when she was 15. She fell on the grounds of New Smyrna Beach Middle School as she entered a doorway on her way to gym class. As a result of this fall, she sustained two broken legs which required the insertion of rods and has permanent scaring at the site of the rods.
Patel, at that time represented by Jonathan Rotstein, filed a lawsuit against Volusia County [the "County"] on March 28, 2000, which was within the four-year statute of limitations. In this lawsuit, it is alleged that Patel was on "defendant's premises" and that "defendant owned, maintained, leased and controlled" the premises where she fell. She alleged that "defendant" negligently failed to maintain the premises. Attached as exhibit "A" to the complaint, however, was a copy of the statutory notice to the "appropriate agency" required by section 768.28(6)(a), Florida Statutes. The notice letter was directed to the "Superintendent of Schools, School Board of Volusia County" and set forth in some detail the circumstances of the accident. It included the allegation that the Volusia County School Board "owned, maintained, leased or controlled" the school grounds and premises where Patel was injured. It also alleged a breach of duty by the School Board to maintain the premises and to warn of the dangerous condition of the premises. Demand was made on the School Board to settle for $100,000. How it happened that the county, not the School Board, was sued is unexplained.
On September 11, Patel moved to amend the complaint and caption to add the School Board. Leave to amend was granted by order. When the School Board was served, it moved to dismiss because it had not been sued within the applicable four-year statute of limitations. I believe it was error to dismiss this case based on the statute of limitations. Under Florida Rule of Civil Procedure 1.130(b), an attachment to a complaint is part of the pleading for all purposes. Here, while the entity identified on the face of the complaint was Volusia County, the attachment shows it was the Volusia County School Board that was sought to be sued. As such, this is arguably no more than a colossal pleading error that should be correctable by amendment. At worst, it is a case of misnomer. See Schwartz v. Wilt Chamberlain's, Ltd., 725 So.2d 451 (Fla. 4th DCA 1999); St. John's Hosp. and Health Center v. Toomey, 610 So.2d 62, 64 (Fla. 3d DCA 1992). The School Board had received the notice of claim; it was neither surprised nor prejudiced by the amendment that correctly named them in the body of the lawsuit.
In Thomas v. Taylor Creek Marina, Inc., 520 So.2d 708 (Fla. 4th DCA 1988), the plaintiff fell at a marina, then owned and operated by Taylor Creek Marina of Fort Pierce, Inc., but before suit was filed, the marina was sold and the new owner was Taylor Creek Marina, Inc. The plaintiff sued the new owner, not the owner at the time of accident, and did not realize his mistake until after the statute of limitations had run. The court found that this *138 circumstance qualified as a "mere misnomer." Id. at 709.
In many respects, this case is similar to the Third District's opinion in Toomey, supra. There, the plaintiff, a charitable foundation, sued an estate in the name of the hospital it benefitted, which was a separate legal entity. After the statutory deadline to file suit had passed, it realized its error and sought to amend. Noting that the exhibit attached to the complaint showed it was the foundation that had the claim, not the hospital, and that there was no prejudice to the defendant estate since the defendant had received the probate claim, the court held this to be a "misnomer" and allowed the suit to proceed.
I would reverse and allow the suit to continue against the School Board.