LAWSON, J.
 

 Robert Treat Rayner, plaintiff below, timely appeals a final summary judgment entered in favor of Irwin International, Inc., d/b/a Aircraft Spruce & Specialty Co. (“Specialty”), on statute of limitations grounds. Appellant argues that his August 25, 2008 amendment adding Specialty as a defendant should be considered timely under the relation back doctrine. The trial court found otherwise. Reviewing the matter de novo, we agree and affirm.
 

 The underlying suit relates to an ultralight aircraft accident on August 18, 2001. Appellant alleged that his powered ultralight was being towed to altitude behind a plane owned by the Quest Air Soaring Center in Lake County, Florida, when the tow plane and/or its operator encountered problems and released the ultralight while it was in an uncontrolled descent — causing the ultralight to crash and Appellant to suffer severe, permanent injuries. Appellant attempted to deploy a parachute installed on the ultralight, but the parachute
 
 *819
 
 failed to open in time to aid in the crash. Appellant had ordered the parachute through Specialty, a California-based distributor of aviation parts and pilot supplies owned by James and Elizabeth Irwin.
 

 In May of 2004, Appellant timely filed suit only against Quest Air Soaring Center, Inc. The deadline for pursuing a cause of action sounding in tort under Florida’s four-year statute of limitations was August 18, 2005. § 95.11(3)(e), Fla. Stat. (2009). Shortly before this deadline, Appellant’s trial attorney inquired about Appellant’s acquisition of the parachute, and received a response from James Irwin, the co-owner of Specialty, confirming that Appellant had ordered the parachute through Specialty. Irwin’s July 31, 2005 letter explained that Specialty had placed the order for direct delivery from the manufacturer to Appellant, and that Specialty did not have liability insurance. Irwin encouraged Appellant to bring any claim related to the parachute only against the manufacturer, Ballistic Recovery Systems, Inc., but accurately and correctly identified his company, Specialty, as the distributor.
 

 On August 8, 2005, Appellant, through prior counsel, sought leave to amend his complaint to add the parachute’s manufacturer and distributor. However, the amended complaint incorrectly named another company co-owned by James Irwin as the distributor. The company actually sued was Aircraft-Spruce Advantage, Inc. (“Advantage”), an avionics installation company originally formed in 2003 and wholly-owned by Mark Krueger. After Appellant’s crash, but before Appellant sought to amend his complaint, James Irwin purchased fifty percent of the stock of this company from Krueger. The two businesses operate separately, in different cities, in California.
 

 After the statute of limitations expired, Appellant’s motion for leave to amend was granted. And, ultimately, Advantage — the avionics installer owned by Irwin and Krueger — was served with the suit. Although served after the statute of limitations had run, this suit was deemed timely as to Advantage, because: (1) an amended complaint naming a new party is deemed to have been filed on the date the motion for leave to amend is filed; and (2) it is the filing date — and not the service date— which is controlling for limitations purposes.
 
 See Totura & Co., Inc. v. Williams,
 
 754 So.2d 671, 679-80 (Fla.2000). The record is devoid of any evidence that Irwin, Specialty or Advantage had any knowledge that Advantage had been sued until Appellant served Advantage with the amended complaint. Shortly thereafter, Advantage timely answered discovery which stated that it was an “avionics installation facility in California,” and that it had “no knowledge of this accident or this plaintiff.”
 

 It was years later before Appellant sought leave to amend to add the distributor, Specialty, as a defendant. The trial court allowed Specialty to be added to the suit, but then granted summary judgment in favor of Specialty, finding that it had not been timely sued. This appeal followed.
 

 Appellant is correct that the filing of an amended complaint to correct a misnomer relates back to the filing of the original complaint.
 
 E.g., Cabot v. Clearwater Constr. Co.,
 
 89 So.2d 662 (Fla.1956);
 
 Francese v. Tamarac Hosp. Corp.,
 
 504 So.2d 546 (Fla. 4th DCA 1987);
 
 Hohl v. Croom Motorcross, Inc.,
 
 358 So.2d 241 (Fla. 2d DCA 1978);
 
 Galuppi v. Viele,
 
 232 So.2d 408 (Fla. 4th DCA),
 
 cert. denied,
 
 238 So.2d 109 (Fla.1970). “The recurrent theme of these cases is that the amendment should be permitted to relate back where it merely changes the capacity in which a defendant has been sued.”
 
 John
 
 
 *820
 

 son v. Taylor Rental Ctr., Inc.,
 
 458 So.2d 845, 846 (Fla. 2d DCA 1984). “More often than not, the original defendant lulled the plaintiff into believing that he had sued the correct party until after the statute of limitations expired.”
 
 Id.
 

 In the instant case, Appellant sought to do more than merely “correct a misnomer,” as asserted in Appellant’s motion to amend. Rather, Appellant sought to bring in an entirely new party years after the statute of limitations expired. The rule
 
 [1]
 
 which permits the relation back of amended pleadings generally does not apply where a new party is added.
 
 Id.; see also, Patel v. School Bd. of Volusia County,
 
 813 So.2d 135 (Fla. 5th DCA 2002);
 
 Troso v. Fla. Ins. Guar. Assoc., Inc.,
 
 538 So.2d 103 (Fla. 4th DCA 1989);
 
 Lindsey v. H.H. Raulerson Junior Mem’l Hosp.,
 
 505 So.2d 577 (Fla. 4th DCA 1987);
 
 Louis v. South Broward Hosp. Dist.,
 
 353 So.2d 562 (Fla. 4th DCA 1977),
 
 cert. dism.,
 
 359 So.2d 1217 (Fla.1978).
 

 An exception to this general rule has been created by Florida’s district courts for separate parties with a sufficient “identity of interest,” such that the “addition will not prejudice the new party.”
 
 Arnwine v. Huntington Nat. Bank, N.A,
 
 818 So.2d 621, 624 (Fla. 2d DCA 2002);
 
 see also, Darden v. Beverly Health & Rehab.,
 
 763 So.2d, 542, 542-43 (Fla. 5th DCA 2000);
 
 Schwartz v. Wilt Chamberlain’s of Boca Raton, Ltd.,
 
 725 So.2d 451, 453 (Fla. 4th DCA 1999);
 
 Kozich v. Shahady,
 
 702 So.2d 1289, 1291 (Fla. 4th DCA 1997);
 
 Michelin Reifenwerke, A.G. v. Roose,
 
 462 So.2d 54, 57 (Fla. 4th DCA 1984). This exception is usually applied when the new party “ ‘knew or should have known that the plaintiff had made a mistake ... as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party.’ ”
 
 Arnwine,
 
 818 So.2d at 624 (citing
 
 Kozich)
 
 (quoting
 
 Michelin Reifenwerke,
 
 462 So.2d at 57). Our review of these cases convinces us that lack of prejudice, in this context, requires a showing that the new party had knowledge of the lawsuit prior to expiration of the statute of limitations. As explained in
 
 Kozich,
 
 the exception allowing the late addition of a party having a sufficient identity of interest to a party timely sued “applies where: ‘[t]he newly added party had early knowledge of the litigation ...
 
 prior to the running of the
 
 Statute....’”
 
 Id.
 
 at 1291 (quoting
 
 Michelin Reifenwerke,
 
 462 So.2d at 57) (emphasis added).
 

 In this case, the record shows that Specialty (the distributor) was not aware of the suit against Advantage (the avionics installer), until after the statute of limitations had run. Appellant argues that lack of prejudice is demonstrated because Specialty was placed on notice that it might be sued shortly before the statute of limitations expired. As we explained in
 
 Patel:
 
 “[a] claim is not necessarily a lawsuit ... [and it] does not follow that a law suit will always be filed [following notice of a claim].” 813 So.2d at 136. In
 
 Patel,
 
 our court rejected the argument that notice of a potential claim is sufficient to support application of the relation back doctrine in this context. It is knowledge of the litigation itself which puts a person on notice of the need to defend against the lawsuit.
 
 Id.; accord Kozich; Michelin Reifenwerke; cf. Gray v. Executive Drywall, Inc.,
 
 520 So.2d 619 (Fla. 2d DCA 1988)
 
 *821
 
 (disagreeing with
 
 Michelin Reifenwerke,
 
 and opining that even knowledge of litigation against a party with some identity of interest prior to expiration of the statute of limitations should not serve as a basis to allow addition of a new party not timely sued).
 
 [2]
 

 AFFIRMED.
 

 TORPY and EVANDER, JJ., concur.
 

 [1]
 

 . Florida Rule of Civil Procedure 1.190(c) sets forth the relation back doctrine: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.’’
 

 [2]
 

 . We also note that Appellant’s failure to join the correct defendant was attributable solely to his own inexcusable neglect, given the undisputed fact that Specialty accurately identified itself as the proper party to sue before the statute of limitations expired.
 
 See Galuppi v. Viele,
 
 232 So.2d at 411 (Overton, J., dissenting).