CIKLIN, J.
The appellant (the plaintiff below), Arch Specialty Insurance Company (“Arch Specialty”), appeals the final summary judgment entered in favor of the appellee law firm Kubicki Draper, LLP (“Kubicki”), after the trial court denied Arch Specialty’s motion to amend its complaint to correct its name. We find the trial court erred in denying the motion to amend for two reasons. First, the mistake in the naming of the plaintiff was a misnomer and the parties were all aware of the true identity of the party bringing suit. Second, Kubicki’s summary judgment submissions show identities of interests between the incorrectly named plaintiff and the plaintiff that should have been named. Accordingly, we reverse and remand for further proceedings. We decline to address the portion of the appeal challenging the award of attorneys’ fees as the trial court did not set an amount of fees; thus, the issue is not ripe for review. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).
Factual Background
Arch Specialty brought suit against Ku-bicki for legal malpractice and alleged the following.
In an underlying action, Kubicki defended an accounting firm in a civil action for accounting malpractice. In accordance with the terms of the contract of insurance entered into between Arch Specialty and its insured (the accounting firm), Arch Specialty retained Kubicki to provide legal counsel and representation to the account- *489 mg firm. In 2007, after Kubicki withdrew from representing the accounting firm, the accounting firm settled the lawsuit that was brought against the accounting firm. Arch Specialty suffered damages by having to fund the accounting firm’s settlement in an amount which Arch Specialty suggests was negligently inflated due to Kubicki’s alleged legal malpractice.
In 2012, almost five years after the settlement agreement was entered,[1] Kubicki moved for summary judgment, arguing that the plaintiff, Arch Specialty, was not the accurate entity name of the insurance company actually paying out the settlement. Thus, Kubicki asserted, Arch Specialty did not have standing to initiate the action. According to the motion for summary judgment, Arch Insurance Company (“Arch Insurance”) — and not Arch Specialty — was the company that actually paid the settlement and therefore was the entity that possessed the required standing.
Kubicki attached supportive exhibits to its motion which showed that Arch Insurance was the entity that insured the accounting firm and paid the settlement— not Arch Specialty. The exhibits also showed that Arch Insurance and Arch Specialty were incorporated in different states.
One of the exhibits was Arch Specialty’s application to transact business in Florida. The application’s cover letter provided that Arch Specialty is a “member of Arch Insurance Group.” In another exhibit, insurance policy information regarding the accounting firm was on letterhead with the heading “Arch Insurance Group,” followed by the subheading “Arch Insurance Company.” In fact, the exhibits reflect that Arch Insurance and Arch Specialty had some common directors and the same secretary with both companies using the same address in New York City. That address was also Arch Specialty’s mailing address and the address provided for most of Arch Insurance and Arch Specialty’s officers and directors. In other words, a “clear identity of interest” existed.[2]
Arch Specialty requested leave to amend to reflect the correct name for the plaintiff. The court effectively denied the motion when it granted summary judgment for Kubicki, finding that “[t]here is no issue of fact that the Plaintiff, Arch Specialty Insurance Company, is the incorrect party to these proceedings and did not itself suffer any of the losses claimed.” The court held that there was no record evidence that Arch Specialty and Arch Insurance were the same company. The court concluded that “when the correct party is incorrectly named the matter may be resolved simply under the doctrine of misnomer but when the incorrect party is correctly named, the remedy is substitution of parties.” The court ultimately entered final summary judgment for Kubicki.
Analysis
On appeal, Arch Specialty argues the trial court abused its discretion by denying the motion to amend where Arch Specialty merely sought to correct a misnomer, and where even a substitution of parties would *490 be permissible since the two insurance companies have an identity of interest. Kubicki argues that Arch Specialty sought to bring an entirely new party into the litigation after the statutory limitations period expired. Kubicki also contends that the identity of interest exception to the relation back rule does not apply where Arch Specialty was inexcusably neglectful and further where Kubicki did not lull Arch Specialty into believing it had named the correct plaintiff.
The entry of a summary judgment is reviewed de novo. Everett Painting Co. v. Padula & Wadsworth Constr., Inc., 856 So.2d 1059, 1061 (Fla. 4th DCA 2003) (citations omitted). “The standard of review applicable to a motion to amend a complaint ... is abuse of discretion.” G.B. Holdings, Inc. v. Steinhauser, 862 So.2d 97, 99 (Fla. 4th DCA 2003) (citations omitted). A trial court’s denial of a motion to amend to substitute parties is also reviewed for an abuse of discretion. Estate of Eisen v. Philip Morris USA, Inc., 126 So.3d 323, 327 (Fla. 3d DCA 2013) (citations omitted).
Florida Rule of Civil Procedure 1.190 governs amendments to pleadings. Paragraphs (c) and (e) are relevant here and provide the following:
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any ... pleading ... to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
“It is well-settled that the rule permitting amendments to pleadings, and the relation-back doctrine, are to be liberally construed and applied.” Eisen, 126 So.3d at 328 (citations omitted). In 1956, the Florida Supreme Court recognized that the rules of civil procedure were more liberal than the common law with respect to amended pleadings. Cabot v. Clear-water Constr. Co., 89 So.2d 662, 663-64 (Fla.1956). Further, the pleadings and the trial are intended to “arrive at the truth,” rather than to engage in a game in which the “technique of the maneuver captures the prize.” Id. at 664. “The general rule is: ‘An amendment which merely corrects a misnomer might well relate back to the date the complaint was originally filed but this relation back rule is inapplicable where the effect is to bring new parties into the suit.’ ” Francese v. Tamarac Hosp. Corp., 504 So.2d 546, 547 (Fla. 4th DCA 1987) (citation omitted).
In Cabot, the complaint named as the defendant a nonexistent corporation, “Clearwater Construction Company,” instead of the individual who owned the unincorporated company, “Robert M. Snyder, doing business as Clearwater Construction Company, not incorporated.” Id. at 663. The trial court denied the plaintiffs motion to amend to name the correct defendant and dismissed the complaint. Id. On appeal, the Florida Supreme Court found that an amendment under these circumstances did not constitute a new cause of action barred by the statute of limitations. Id. at 664-65. The court reasoned that the cause of action would remain the same and that the mistake was merely one of characterization or description of the defendant. Id. at 665.
Here, the named plaintiff and the plaintiff that should have technically been *491 named were both legally existing entities. Where there is no doubt regarding the identity of the party intended to be named, it is not unfair or unjust to permit a plaintiff to correct its pleading particularly because the defendant suffers no prejudice. See St. John’s Hosp. & Health Ctr. v. Toomey, 610 So.2d 62, 64 (Fla. 3d DCA 1992) (finding amendment of plaintiff from hospital to hospital foundation was correction of a misnomer which related back to original complaint where the subject of the suit remained the same, and the defendant had actual notice who the intended plaintiff was).
Although Arch Specialty inserted an incorrect plaintiff name in its original complaint, there is no doubt that the identity of the intended plaintiff was the insurance company which came out of pocket to pay the agreed settlement amount. Arch Specialty sought merely to correctly name it. Allowing the amendment would not prejudice Kubicki because the cause of action would still squarely center on the alleged malpractice associated with Kubicki’s representation of the accounting firm.
Kubicki argues an amendment cannot relate back based on identity of interest if the failure to name the correct party is due to inexcusable neglect. The cases relied upon by Kubicki are factually distinguishable[3] and we must decline to apply them here. Kubicki also contends that the amendment should not relate back because Kubicki did nothing to lull Arch Specialty into believing it had named the correct plaintiff in the original complaint. The cases relied on by Kubicki for this proposition are distinguishable as they do not involve amendments to simply correct a misnomer where there are clear identities of interest. See Lindsey v. H.H. Raulerson Jr. Mem’l Hosp., 505 So.2d 577 (Fla. 4th DCA 1987); Johnson v. Taylor Rental Ctr., Inc., 458 So.2d 845 (Fla. 2d DCA 1984); Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54 (Fla. 4th DCA 1984).
Given all of the circumstances discussed herein, we find the trial court erred in denying the motion to amend and entering summary judgment for Kubicki.

Reversed and remanded for further proceedings.

STEVENSON and KLINGENSMITH, JJ., concur.

. The statute of limitations for most types of professional malpractice is two years from when the cause of action is or should have been discovered. § 95.11(4)(a), Fla. Stat. (2007).

. Circumstances indicating such an "identity of interest” include the following: "[W]hen the companies (1) operate out of a single office; (2) share a single telephone line; (3) have overlapping officers and directors; (4) share consolidated financial statements and registration statements; (5) share the same attorney, and (6) receive service of process through the same individual at the same location.” Schwartz v. Wilt Chamberlain’s of Boca Raton, Ltd., 725 So.2d 451, 453 (Fla. 4th DCA 1999) (citation omitted).

. Beltran v. Miraglia, 125 So.3d 855, 860 (Fla. 4th DCA 2013) (finding that an amended complaint did not relate back to filing of original complaint for limitation purposes where the plaintiff sought to add an entirely new party defendant and the record reflected that the defendant’s answer and the documents referenced in the plaintiff’s original complaint put the plaintiff on notice that it had mistakenly named the incorrect defendant); Rayner v. Aircraft Spruce-Advantage, Inc., 38 So.3d 817, 821 n. 2 (Fla. 5th DCA 2010) (affirming trial court's finding that amended pleading did not relate back to filing of original complaint, and noting that appellant's failure to join correct defendant was plaintiff’s fault, since the correct defendant identified itself as the proper party to sue before the statute of limitations expired).