IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

WINNIEFRED RAMSAY,

      Appellant,

v.

Case No.  5D22-1161
LT Case No. 2021-CA-001382-A

SOUTH LAKE HOSPITAL, KERRY L. NEALL, M.D., AND HOLLY B. SAUNDERS, M.D.,

      Appellees.
_____/

Opinion filed February 17, 2023

Appeal from the Circuit Court
for Lake County,
Dan R. Mosley, Judge.

Winniefred Ramsay, Miami, pro se.

Andrea Lozano Diederich, of Marshall, Dennehey, Warner, Coleman & Goggin, Orlando, for Appellees, South Lake Hospital, Inc. and Kerry L. Neall, M.D.

Christian P. Trowbridge, of Estes, Ingram, Foels & Gibbs, P.A., Maitland, for Appellee, Holly B. Saunders, M.D.

LAMBERT, C.J.

The pro se appellant, Winniefred Ramsay, timely appeals the final order dismissing with prejudice her amended complaint for damages against the appellees, South Lake Hospital, Inc. ("South Lake") and Kerry L. Neall, M.D. ("Dr. Neall"), as well as a separate final order dismissing the same amended complaint with prejudice against Holly B. Saunders, M.D. ("Dr. Saunders"). The court dismissed the amended complaint because the applicable statute of limitations had expired. For the following reasons, we affirm both final orders.

BACKGROUND—

On March 27, 2016, Ramsay was involved in a motor vehicle accident that resulted in her suffering "excruciating back pain and a visible bruise on the left side of [her] chest." Ramsay was transported from the accident site to South Lake's emergency room where, as she would later allege, after approximately two hours, she was discharged after being told that her pain was "arthritis."

Ramsay sought medical treatment three days later at a different medical facility, where, according to her, "after appropriate screening," it was "discovered" that she had sustained numerous fractures in her back.

2

LITIGATION—

On February 28, 2020, Ramsay filed a pro se complaint for "negligence" against South Lake. South Lake moved to dismiss the complaint; and, following a hearing on the motion, Ramsay was given leave by the court to file an amended complaint.

On December 20, 2021, Ramsay filed the operative amended complaint. In her amended complaint, Ramsay added Dr. Neall, the "emergency medicine physician," and Dr. Saunders, the "diagnostic radiologist," as new parties to the lawsuit, asserting that both were employees of South Lake on March 27, 2016, "when the negligence occurred." Ramsay alleged that the "defendants failed to treat [Ramsay's] emergency medical condition because the examination conducted on [her] fell below standards of 'reasonable care,'" as evidenced by the fact that, three days later, on March 30, 2016, after receiving "appropriate screening" at a different facility, she was diagnosed with having seven fractures in her back. Ramsay concluded her amended complaint by alleging that had the defendants "conducted the appropriate screening and stabilized [her] on March 27, 2016," she would not have suffered the damages that she did.

Ramsay alleged that the foregoing behaviors of South Lake, Dr. Neall, and Dr. Saunders violated section 395.1041, Florida Statutes (2015). This

3

statute, titled "Access to emergency services and care," specifically declared as legislative intent the vital importance for emergency services and care to be provided by hospitals and physicians to every person in need of such services and found that such persons have been denied emergency services and care by hospitals. § 395.1041(1), Fla. Stat. (2015).[1] The statute further provided that any person who suffers personal harm as a result of a violation of this statute may recover damages in a civil action against the responsible hospital administrative or medical staff or personnel. § 395.1041(5)(b), Fla. Stat. (2015). However, a different subsection of the statute contains, in pertinent part, the following caveat:

> Neither the hospital nor its employees, nor any physician . . . shall be liable in any action arising out of a refusal to render emergency services or care if the refusal is made after screening, examining, and evaluating the patient, and is based on the determination, exercising reasonable care, that the person is not suffering from an emergency medical condition . . . .

§ 395.1041(3)(g), Fla. Stat. (2015).

South Lake and Dr. Neall jointly moved to dismiss the amended complaint. They argued that Ramsay's cause of action was actually one for

---

[1] Section 395.1041 has been referred to as Florida's "patient dumping" or "anti-dumping" statute. *See St. Joseph's Hosp., Inc. v. Cintron*, 998 So. 2d 1192, 1193 (Fla. 2d DCA 2009).

medical malpractice or medical negligence and was time-barred under the statute of limitations codified at section 95.11(4)(b), Florida Statutes (2015), because it had not been filed within two years of the March 30, 2016 accrual of the claim.  This statute provides, in pertinent part:

> An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued . . . .

§ 95.11(4)(b), Fla. Stat. (2015).

South Lake and Dr. Neall alternatively argued in their motion that Ramsay's action was not timely commenced within the four-year statute of repose described within this subsection.

Dr. Saunders separately moved to dismiss Ramsay's amended complaint.  In addition to the above arguments, Dr. Saunders asserted that, even if Ramsay's cause of action could be construed as having been brought under section 395.1041, it was still barred by the separate four-year statute of limitations for bringing an action founded on a statutory liability.  *See* § 95.11(3)(f), Fla. Stat. (2015).  Dr. Saunders argued that she was not sued by Ramsay until December 20, 2021, almost five years and nine months after

5

the emergency room visit; thus, on the face of the amended complaint, the claim against her was time-barred.

Ramsay responded to each motion. She maintained that her cause of action was brought under section 395.1041 and was not a claim for medical negligence; therefore, the four-year statute of limitations was applicable. As to South Lake, Ramsay reminded that her initial complaint was filed on February 28, 2020, well within four years of March 27, 2016, when she suffered damages at South Lake's emergency room.

Next, Ramsay asserted that her amended complaint, though admittedly filed against Drs. Neall and Saunders on December 20, 2021, was nevertheless timely under Florida Rule of Civil Procedure 1.190(c) because it related back to the February 28, 2020 filing of her original complaint. This rule provides that when a claim asserted in an "amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." Fla. R. Civ. P. 1.190(c).

Following a brief, properly noticed hearing, the trial court entered the final order under review dismissing Ramsay's action with prejudice against Dr. Saunders "based upon expiration of the statute of limitations." In a separate final order also on appeal here, the trial court dismissed the

6

amended complaint with prejudice against South Lake and Dr. Neall. The court concluded that Ramsay's amended complaint asserted "factual allegations of medical negligence, not section 395.1041, Florida Statutes," and that since the alleged acts of medical negligence occurred on March 27, 2016, the statute of limitations ha[d] expired on [Ramsay's] claims."

STANDARD OF REVIEW—

The standard of review of an order granting a motion to dismiss with prejudice is de novo. *Burgess v. N. Broward Hosp. Dist.*, 126 So. 3d 430, 433 (Fla. 4th DCA 2013). Pertinent here, a motion to dismiss based on the expiration of a statute of limitations should be granted only in those circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and its attachments[2] so as to conclusively establish that the action is time-barred. *Banks v. Alachua Cnty. Sch. Bd.*, 275 So. 3d 214, 215 (Fla. 1st DCA 2019).

DISMISSAL OF THE AMENDED COMPLAINT AGAINST DR. SAUNDERS—

Dr. Saunders argued at the motion to dismiss hearing that, assuming Ramsay's amended complaint was brought under section 395.1041, her

---

[2] There were no attachments to Ramsay's complaint or amended complaint.

7

cause of action accrued on March 27, 2016, and suit was not filed against Dr. Saunders until December 20, 2021; thus, it was time-barred under section 95.11(3)(g)'s four-year statute of limitations for actions based on statutory liability. The trial court agreed, orally granted the motion, and thereafter entered the written final order now under review.

We hold that the trial court correctly dismissed Ramsay's action against Dr. Saunders. Accepting Ramsay's premise that her cause of action was one solely for a violation of section 395.1041, on the face of the amended complaint, the statute of limitations to bring such an action had expired. Dr. Saunders is a new and totally separate party who was added into the case some five years and nine months after the cause of action accrued. Under these circumstances, the amended complaint did not "relate back" under Florida Rule of Civil Procedure 1.190(c) to the filing of Ramsay's original complaint in February 2020. *See Lindsey v. H.H. Raulerson Jr. Mem'l Hosp.*, 505 So. 2d 577, 578 (Fla. 4th DCA 1987) (holding that an amended complaint that did not merely correct a misnomer but instead added another physician as a totally separate party and to whom the statute of limitations had already run did not relate back to the date of the filing of the initial complaint); *Johnson v. Taylor Rental Ctr., Inc.*, 458 So. 2d 845, 846 (Fla. 2d DCA 1984) (holding that the relation back doctrine permits the

8

correction of misnomers after the statute of limitations has expired, but not the addition of new parties).

DISMISSAL OF THE AMENDED COMPLAINT AGAINST SOUTH LAKE AND DR. NEALL—

As previously indicated, the trial court's order of dismissal with prejudice of Ramsay's amended complaint against South Lake and Dr. Neall determined that the amended complaint asserted a claim for medical negligence, not a violation of section 395.1041, Florida Statutes. The court held that because the alleged medical negligence occurred on March 27, 2016,[3] the statute of limitations expired on Ramsay's claims against South Lake and Dr. Neall.[4]

"The determination of whether a complaint alleges a claim for medical malpractice is a legal one and is, therefore, reviewed de novo." *Nat'l Deaf Acad., LLC v. Townes*, 242 So. 3d 303, 308 (Fla. 2018) (citing *Dockswell v.*

---

[3] The cause of action arguably accrued on March 30, 2016, when Ramsay was treated at a different facility and received the diagnosis of seven fractures in her back. The accrual of the claim on March 30 does not affect our analysis or the outcome of this appeal.

[4] In his motion to dismiss, Dr. Neall had also raised the same argument as Dr. Saunders that, assuming Ramsay's claim was brought under section 395.1041, the four-year statute of limitations had expired when he was also first added as party in December 2021. However, Dr. Neall did not make that argument at the hearing, and it was not the basis of the trial court's dismissal of the action against him.

9

*Bethesda Mem'l Hosp., Inc.*, 210 So. 3d 1201, 1206 (Fla. 2017); *Pierrot v. Osceola Mental Health, Inc.*, 106 So. 3d 491, 492 (Fla. 5th DCA 2013)). "Medical negligence" or "medical malpractice" is defined as "a claim, arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat. (2015); *accord* § 95.11(4)(b), Fla. Stat. (2015). Thus, "for an action to sound in medical malpractice, the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill." *Rockledge HMA, LLC v. Lawley*, 310 So. 3d 112, 115 (Fla. 5th DCA 2020) (citing *Townes*, 242 So. 3d at 311–12).

The allegations of the complaint, and not the legal conclusions of a plaintiff as to the type of cause of action asserted, controls the analysis. *See Dr. Navarro's Vein Ctr. of Palm Beach, Inc. v. Miller*, 22 So. 3d 776, 778 (Fla. 4th DCA 2009) (recognizing that in determining whether a complaint is for medical malpractice or medical negligence, the trial court should "parse the factual allegations from the legal conclusions alleged by the plaintiff"). Thus, in determining whether Ramsay's cause of action here fell within the statutory definition of medical malpractice or medical negligence, the trial court was tasked with analyzing whether Ramsay would be required to show that the alleged negligence "'represented a breach of the prevailing

professional standard of care,' as testified to by a qualified medical expert, in order to prove [her] claim." *Rockledge HMA*, 310 So. 3d at 115 (quoting *Townes*, 242 So. 3d at 311–12).

We agree with the trial court that the amended complaint alleged a claim for medical negligence. Ramsay specifically alleged that the examination of her at South Lake's emergency room "fell below standards of 'reasonable care,'" and that three days after being discharged from South Lake, she received "appropriate screening" from a second "medical facility" where she was diagnosed with having sustained seven fractures in her back. Thus, by her own pleading, Ramsay would have been obligated to prove at trial, through a qualified medical expert, that the standard of care that she received at South Lake's emergency room and from Dr. Neall in not diagnosing the alleged fractures in her back breached the prevailing standard of care. *See Indian River Mem'l Hosp. v. Browne*, 44 So. 3d 237, 238–39 (Fla. 4th DCA 2010) (holding that the manner by which a plaintiff's emergency room care was managed makes the claim one of medical negligence, despite the plaintiff's contrary assertions).

Ramsay's initial complaint, filed just under four years after she discovered the alleged negligence, was well outside the two-year statute of limitations of section 95.11(4)(b) to bring a medical negligence claim.

11

However, as previously noted, section 95.11(4)(b) also contains what is referred to as a four-year statute of repose for bringing such an action.[5] Thus, assuming the applicability of the statute of repose, Ramsay's initial complaint against South Lake was filed within four years. However, a medical negligence cause of action brought under chapter 766, Florida Statutes, requires that a plaintiff must first comply with a number of presuit requirements before bringing the claim. *See Univ. of Mia. v. Wilson*, 948 So. 2d 774, 776 (Fla. 3d DCA 2006). The failure to do so warrants dismissal of the action. *Yocom v. Wuesthoff Health Sys., Inc.*, 880 So. 2d 787, 790 (Fla. 5th DCA 2004).

It is unnecessary for this court to describe these various chapter 766 presuit requirements because Ramsay has not argued that she complied with them, nor could she. In her defense, Ramsay did not believe that she needed to meet these requirements, as, in her view, she was not bringing a claim in medical negligence. As we have explained in this opinion, Ramsay was mistaken.

Lastly, we hold that the trial court's dismissal of Ramsay's amended

---

[5] The statute of repose contained in section 95.11(4)(b) reflects the "legislative determination that there must be an outer limit beyond which medical malpractice suits may not be instituted." *Kush v. Lloyd*, 616 So. 2d 415, 421 (Fla. 1992).

12

complaint with prejudice, as opposed to a dismissal without prejudice, was proper. Simply stated, any efforts by Ramsay now to comply with chapter 766's presuit screening requirements would be far too late under section 95.11(4)(b)'s statute of limitations or statute of repose. *See John Doe No. 23 v. Archdiocese of Mia., Inc.*, 965 So. 2d 1186, 1188 (Fla. 4th DCA 2007) (concluding that the trial court properly dismissed the amended complaint based on the statute of limitations and since any further attempt to amend the complaint would be futile, the dismissal was correctly entered with prejudice); *Childers v. Cape Canaveral Hosp., Inc.*, 898 So. 2d 973, 974 (Fla. 5th DCA 2005) (affirming the dismissal of a medical malpractice action with prejudice when the complaint was clearly barred by the statute of repose); *Royle v. Fla. Hosp.-E. Orlando*, 679 So. 2d 1209, 1212 (Fla. 5th DCA 1996) (affirming dismissal of medical malpractice case with prejudice for failing to comply with presuit requirements prior to expiration of statute of limitations); *cf. Popps v. Foltz*, 806 So. 2d 583, 584–85 (Fla. 4th DCA 2002) (holding that the failure to comply with the chapter 766 presuit requirements does not warrant a dismissal with prejudice if the statute of limitations has not yet run).

Accordingly, the final orders of dismissal with prejudice are affirmed.[6]

---

[6] We have not overlooked Ramsay's separate argument that the final orders should be reversed because she claims that she was unable to participate at the motion to dismiss hearing held by Zoom due to

13

AFFIRMED.

WALLIS and JAY, JJ., concur.

---

"technological problems."  *See In the Int. of K.E.*, 335 So. 3d 226, 228 (Fla. 2d DCA 2022) ("When a party is disconnected from a remote proceeding due to a technical malfunction or some other reason beyond their control and judgment is entered against him or her, the proper course of action is to file a motion to vacate the judgment alleging excusable neglect.").  Ramsay did not file a motion for rehearing or reconsideration raising this argument *prior* to filing her notices of appeal.

Ramsay did file responses below to the respective motions to dismiss prior to the hearing, which the trial court noted in its dismissal orders that it had reviewed.  Lastly, Ramsay has fully briefed her substantive arguments for reversal of the final orders; and, as reflected in this opinion, we have found them to be without merit.  However, consistent with *K.E.*, our affirmance here is without prejudice to Ramsay pursuing a motion to vacate and the trial court conducting a limited evidentiary inquiry addressing the motion.  *See id.*