763 So.2d 542 (2000)
William DARDEN, etc., Appellant,
v.
BEVERLY HEALTH & REHABILITATION, etc., Appellees.
No. 5D99-3418.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
Shannon McLin Carlyle of Shannon McLin Carlyle, P.A., Leesburg, and Nolan Carter of Nolan Carter, P.A., Orlando, for Appellant.
James V. Etscorn and Robert C. Yee of Baker & Hostetler, LLP, Orlando, for Appellees.
DAUKSCH, J.
William Darden, in his capacity as the personal representative of the Estate of Vera Griffin, appeals the final order entered by the trial court dismissing his third amended complaint on the basis that the applicable statute of limitations had expired prior to the filing of the complaint. We reverse because the relation back doctrine authorized under rule 1.190 of the Florida Rules of Civil Procedure should have been applied in this case.
Rule 1.190(c) of the Florida Rules of Civil Procedure provides that the date of the filing of an amended complaint relates back to the date of the filing of the original complaint when the claim in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original pleading. This relation back doctrine can also be applied to an amended complaint which adds a new party to the lawsuit if the party "is sufficiently related to an original party such that the *543 addition would not prejudice the new party." Schwartz ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So.2d 451, 453 (Fla. 4th DCA 1999). In that regard, the date of the filing of an amended complaint which adds a new party defendant to a pending lawsuit relates back to the date of the filing of the original complaint, thereby avoiding a statute of limitations bar, "where the new and former parties have an identity of interest which does not prejudice the opponent". Kozich v. Shahady, 702 So.2d 1289, 1291 (Fla. 4th DCA 1997). See also Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332 (Fla. 4th DCA 1993).
Mr. Darden initially filed this wrongful death action against Beverly Health & Rehabilitation Services, Inc. (Beverly Health), d/b/a Park Lake Nursing and Rehabilitation Center (Park Lake). Nearly one year after the applicable two year statute of limitations period had expired, Mr. Darden filed a third amended complaint in which he alleged for the first time that Beverly Enterprises-Florida, Inc. d/b/a Beverly Gulf Coast-Florida, Inc. d/b/a Park Lake Nursing and Rehabilitation Center (Beverly Enterprises), not Beverly Health, was the proper corporate defendant. Upon the motion of Beverly Enterprises, the trial court dismissed the complaint, finding that the action was time barred.
The information before us reveals that Beverly Health is the parent corporation of Beverly Enterprises, Beverly Health actively defended this lawsuit in the trial court for nine months, both corporate defendants are represented by the same law firm, and printouts from the Secretary of State indicate that Beverly Health and Beverly Enterprises share the same corporate address, have several common corporate directors as well as the same registered agent. Additionally, Beverly Enterprises has failed, and thus apparently is unable, to demonstrate any prejudice resulting from the substitution of the named corporate defendant. These facts support the conclusion that Beverly Health and Beverly Enterprises possess identities of interest sufficient to justify application of the relation back doctrine. Accordingly, we reverse the order dismissing Mr. Darden's third amended complaint and remand this matter for further proceedings.
REVERSED and REMANDED.
HARRIS and PLEUS, JJ., concur.