818 So.2d 621 (2002)
Alice G. ARNWINE, individually, and as Personal Representative of the Estate of Bertha DeVane Gordon and as Personal Representative of the Estate of Shelly B. Gordon, Appellant,
v.
The HUNTINGTON NATIONAL BANK, N.A., a Federally Chartered Bank, a successor in interest to The Huntington National Bank of Florida, N.A., a Federally Chartered Bank, a successor in interest to Peoples Bank of Lakeland, Inc., a Florida corporation, Appellee.
No. 2D01-2268.
District Court of Appeal of Florida, Second District.
June 5, 2002.
*623 Robert H. Grizzard, II, Lakeland, for Appellant.
James P. Hahn of Hahn, McClurg, Watson, Griffith & Bush, P.A., Lakeland, for Appellee.
PARKER, Judge.
Alice G. Arnwine appeals the trial court's order dismissing her amended complaint against The Huntington National Bank, N.A. (Huntington). Because the trial court erred in not relating the amended complaint back to the date of filing of the original complaint as to the causes of action originally pleaded, we reverse and remand for further proceedings. However, as to the cause of action for civil conspiracy pleaded for the first time in the amended complaint, we affirm the dismissal.
In 1997, three days before the expiration of the statute of limitations, Arnwine filed her initial complaint against "Peoples Bank of Lakeland, Inc., and the Asset Management and Trust Department (Huntington Bank of Lakeland, an Ohio corporation successor in interest)" (Peoples Bank) for reconstruction of lost instruments, conversion, accounting, fraud, and breach of fiduciary duty. Arnwine effectuated service on the registered agent for Peoples Bank in 1998.
Peoples Bank, which is a dissolved Florida corporation that had merged into Huntington in 1996, filed a motion to dismiss for failure to join Huntington as an indispensable party. Without amending her complaint, Arnwine then effectuated service of the original complaint and summons on the vice president and managing counsel of Huntington in 1999. Peoples Bank filed an amended motion to dismiss, again alleging as a basis the failure to join Huntington as an indispensable party.
In February 2000, the trial court granted Arnwine leave to file an amended complaint. After Arnwine filed her amended complaint naming Huntington as a party defendant, Huntington filed a motion to strike several counts of the amended complaint as "new counts," a motion to dismiss for failure to state a cause of action, and a motion to strike certain allegations from the pleading. In its motion, Huntington argued that the trial court had granted Arnwine leave to amend her complaint solely to name proper parties and that therefore the additional counts of the amended complaint were untimely and should be dismissed.
The trial court granted Huntington's motion and dismissed the entire amended complaint. Although the motion was granted without prejudice, the trial court's ruling that the additional causes of action were barred by the statute of limitations constituted, in effect, a dismissal with prejudice. In addition, the parties understood the trial court's order to also dismiss Huntington as a party defendant, although such relief was not requested in Huntington's motion to dismiss. This ruling, which found that Huntington had not been made a party before the expiration of the statute of limitations, also constituted a dismissal with prejudice.
This appeal raises two issues concerning the trial court's order. The *624 first issue is whether the amended complaint relates back to the date of the original complaint as to defendant Huntington. Florida Rule of Civil Procedure 1.190(c) sets forth the relation back doctrine: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." This rule does not allow for the addition of a new party, and the general rule is that the addition of a new party will not relate back to the date of the original pleading. See Darden v. Beverly Health & Rehab., 763 So.2d 542, 542 (Fla. 5th DCA 2000); Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So.2d 451, 453 (Fla. 4th DCA 1999). However, the addition of a new party will relate back when the new party is sufficiently related to the original party that the addition will not prejudice the new party. Darden, 763 So.2d at 542-43; Schwartz, 725 So.2d at 453; Kozich v. Shahady, 702 So.2d 1289, 1291 (Fla. 4th DCA 1997). Thus, relation back will usually apply when the new party "knew or should have known that the plaintiff had made a mistake or was guilty of a misnomer as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party." Kozich, 702 So.2d at 1291 (quoting Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54, 57 (Fla. 4th DCA 1984)).
Here, it is clear that Huntington knew or should have known that Arnwine had made a mistake. Huntington acquired Peoples Bank by merger in August 1996. The style of the original complaint named Peoples Bank as the defendant. The original complaint also named "Huntington Bank of Lakeland" as the successor to Peoples Bank. While Huntington is correct that "Huntington Bank of Lakeland" did not exist, Huntington cannot seriously claim that it was misled or prejudiced by this misnomer given its merger with Peoples Bank.
In addition, there is no question that Huntington is sufficiently related to Peoples Bank to allow the amended complaint to relate back. Factors typically considered in determining whether the new and original parties are sufficiently related to allow relation back include whether the ownership of the parties overlaps, whether the officers and directors of the parties overlap, whether the parties share the same financial statements and registration statements, and whether the parties share the same attorney. See Schwartz, 725 So.2d at 453; Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332, 1334 (Fla. 4th DCA 1993).
Here, the record shows that Peoples Bank was acquired by and merged into Huntington. Thus, the ownership of the parties is now common. Further, the record is clear that both Peoples Bank and Huntington are represented by the same attorney in this case. In the absence of prejudice, the merger of the corporations provides a sufficient relationship between the parties to allow the amended complaint to relate back.
Finally, it is not entirely clear that the original complaint contains a misnomer. Peoples Bank was the actual corporation that committed the acts forming the basis for Arnwine's complaint, and the allegations of wrongdoing predate the merger. When Huntington merged with Peoples Bank, it assumed all of Peoples Bank's liabilities. See § 607.1106(1)(c), Fla. Stat. (1995). Under section 607.1106(1)(d), "[a]ny claim existing or action or proceeding pending by or against any corporation party to the merger may be continued as if the merger did not occur or the surviving *625 corporation may be substituted in the proceeding for the corporation which ceased existence." Thus, under this statute, Arnwine had the right to bring her existing claim against Peoples Bank as if the merger had not occurred or to substitute Huntington in the proceeding for Peoples Bank. Because Arnwine could have brought the claim against Peoples Bank, as she did, arguably no misnomer actually occurred.
In light of this, the trial court erred in finding that Arnwine's amended complaint naming Huntington as defendant did not relate back to the date of filing the original complaint. Arnwine's amended complaint against Huntington is not barred by the statute of limitations because Peoples Bank and Huntington are sufficiently related to allow the amended complaint to relate back. Therefore, we reverse the trial court's order dismissing the amended complaint as to Huntington.
The second issue arising from the trial court's order is whether the amended complaint relates back to the date of the original complaint as to the causes of action pleaded for the first time in the amended complaint. Rule 1.190(c) allows for relation back of claims that arise out of the same conduct, transaction, or occurrence that was set forth in the original complaint. However, entirely new and separate causes of action will not relate back. Tanner v. Hartog, 678 So.2d 1317, 1319 (Fla. 2d DCA 1996), rev'd on other grounds, 696 So.2d 705 (Fla.1997); W. Volusia Hosp. Auth. v. Jones, 668 So.2d 635, 636 (Fla. 5th DCA 1996). While an entirely new cause of action will not relate back, if the amended complaint simply changes the legal description of the rights to be enforced or the legal theory upon which to enforce the rights, the causes of action in the amended complaint will relate back. Scarfone v. Marin, 442 So.2d 282, 283 (Fla. 2d DCA 1983).
In this case, the original complaint alleged causes of action for reconstruction of lost instruments, two counts of conversion, accounting, fraud, and breach of fiduciary duty. The conversion counts dealt with Peoples Bank's alleged mishandling of several certificates of deposit. The breach of fiduciary duty count dealt with Peoples Bank's alleged breaches of various guardian and trustee duties and alleged nineteen different ways in which these duties were breached.
The amended complaint also alleges causes of action for reconstruction of lost instruments, conversion, accounting, fraud, and breach of fiduciary duty. However, rather than alleging two counts of conversion, the amended complaint alleges three counts for conversion arising from the mishandling of certificates of deposit. In addition, rather than alleging one count of breach of fiduciary duty with nineteen different factual allegations, the amended complaint alleges nine counts of breach of fiduciary duty with certain factual allegations grouped together. A careful review of the allegations of the initial complaint and the amended complaint on the conversion and breach of fiduciary duty counts shows that no new causes of action are pleaded in the amended complaint. Rather, the amended complaint is simply more factually complete, and the causes of action are pleaded based on these more specific facts. The amended complaint does not add any new theory of recovery in these counts or change the facts. Therefore, these counts relate back to the date of filing the original complaint, and the trial court erred in dismissing them.
The trial court did not err, however, in dismissing the new count for civil conspiracy. While the allegations of this count arise from the same set of operative facts alleged in the original complaint, civil conspiracy is, in fact, an entirely new cause *626 of action alleged for the first time in the amended complaint. Because an entirely new cause of action will not relate back, the trial court did not err in dismissing this count with prejudice based on the expiration of the statute of limitations.
Based on the above, we affirm the trial court's dismissal of the civil conspiracy count alleged for the first time in the amended complaint. We reverse the dismissal of all of the other counts of the amended complaint because they relate back to the date of filing the original complaint. We also reverse the dismissal of Huntington as a party defendant.
Affirmed in part; reversed in part and remanded for further proceedings.
CASANUEVA and STRINGER, JJ., Concur.