PER CURIAM.
In the instant case, the trial court entered final summary judgment in favor of the defendants, Northside Foods, Inc., d/b/a McDonald’s Restaurant [Northside Foods], and Mar-Mak, Inc., d/b/a McDonald’s Restaurant [Mar-Mak], Iris Thomas appeals from that portion of the final summary judgment entered in favor of Mar-Mak. We reverse finding that the trial court should have applied the relation back doctrine to the plaintiffs amended complaint that added Mar-Mak as a new defendant, thereby avoiding a statute of limitations bar. A review of the record shows that Mar-Mak had sufficient identity of interest with the original defendant, Northside Foods, as they shared the same officers, directors, and registered agent, such that the new defendant would not be prejudiced. See Fla. R. Civ. P. 1.190(c); Darden v. Beverly Health & Rehabilitation, 763 So.2d 542, 542-43 (Fla. 5th DCA 2000) (holding that relation back doctrine can be applied to an amended complaint that adds a new party to the lawsuit if the party “is sufficiently related to an original party such that the addition would not prejudice the new party”)(quoting Schwartz ex rel. Schwartz v. Wilt Chamberlain’s of Boca Raton, Ltd., 725 So.2d 451, 453 (Fla. 4th DCA 1999)). It appears that the error in naming the defendant arose because the insurance adjuster who represented both entities misidentified the owner of this particular McDonald’s Restaurant as being Northside Foods, when the adjuster should have identified the owner as Mar-Mak.
Accordingly, we reverse, in part, and remand for further proceedings consistent with this opinion.