983 So.2d 626 (2008)
Audrey Kandi STIRMAN and Rollin Stirman, Appellants,
v.
MICHAEL GRAVES DESIGN GROUP, INC., et al., Appellees.
No. 3D07-362.
District Court of Appeal of Florida, Third District.
May 7, 2008.
Howard C. Royce, Jacksonville; Brian R. Hersh, Miami, for appellants.
Seipp & Flick and Charles P. Flick and Kathleen S. Phang, Miami, for appellees.
Before SUAREZ, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Audrey and Roland Stirman appeal a circuit court order and final judgment dismissing their amended complaint with prejudice as to the defendant, appellee Michael Graves & Associates, Inc. ("MGA"), and denying a motion for rehearing regarding the dismissal. The issue presented is whether the Stirmans' amended complaint adding MGA as a defendant "relates back" to the filing date of the original complaint against two defendants with similar names and a common corporate address. The trial court found that the amended complaint was filed after the applicable statute of limitations had expired, and that the amended complaint did not relate back to the timely original complaint.
We disagree and therefore reverse and remand the case for further proceedings. We review the order of dismissal de novo. Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002).
Facts and Procedural History
This appeal arises out of a product liability suit. On March 23, 2002, Audrey Stirman was severely injured when the handle of her teakettle slipped off and caused her to be severely burned by boiling water, causing permanent scarring.[1] On March 1, 2006, the Stirmans filed a complaint *628 against Graves Design, Inc. ("GDI"), Michael Graves Design Group, Inc. ("MGDG"), Target Corporation, and "an unnamed foreign Taiwanese Manufacturing Corporation." In the caption and initial allegations of the complaint, GDI and MGDG were identified as "product groups of Michael Graves & Associates."
During discovery, the Stirmans became aware that the legal entities that actually designed the allegedly defective teakettle were MGDG and MGA rather than MGDG and GDI. The Stirmans promptly (a) served the complaint on MGA, on June 1, 2006, and (b) moved for and obtained leave to amend their complaint. The amended complaint substituted MGA in the place of defendant GDI and identified Hsin Loon Metal Manufacturing Co., Ltd., as the previously "unnamed foreign Taiwanese Manufacturing Company."
Although MGDG and MGA are separate New Jersey corporations, they were served at the same corporate address in Princeton, New Jersey. As an original defendant, MGDG was served fifteen days before the four-year statute of limitations would have run if it began when Audrey Stirman was burned. MGA was served some seventy days after the four-year statute of limitations would have run if it commenced on the day of the injury. The amended complaint was filed on July 25, 2006, about four months after that date.
Following service of the amended complaint, MGA filed a motion to dismiss based on the applicable four-year statute of limitations. The court granted the motion and dismissed the Stirmans' amended complaint with prejudice as to MGA.[2] Final judgment was entered on September 7, 2006, and the court later denied the Stirmans' motion for rehearing. This appeal followed.
Analysis
Florida Rule of Civil Procedure 1.190(c) includes a "relation back" provision applicable to certain types of claims added by amendment. "It is well settled that the rule is to be construed liberally." Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332, 1333 (Fla. 4th DCA 1993). The rule has been applied when an amendment "merely corrects a misnomer" in the identification of a defendant and the original complaint provided adequate notice of the claims to the later, correctly identified entity. St. John's Hosp. & Health Ctr. v. Toomey, 610 So.2d 62, 64 (Fla. 3d DCA 1992).
In this case, the original complaint identified "Michael Graves & Associates" in the caption (but not "Michael Graves & Associates, Inc.") and several times in the allegations. The omission of "Inc." appears to have been based on a belief that Graves Design, Inc. and Michael Graves Design Group, Inc. were "product groups of Michael Graves & Associates," which was also alleged several times. The returns of service in the record show that Michael Graves & Associates, Inc. was served via the same authorized agent and at the same address in Princeton, New Jersey as Michael Graves Design Group, Inc. The deposition testimony of two witnesses also confirmed a substantial degree of overlap and control among the corporate entities identified in the original and amended complaints.
Here, as in Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So.2d 451 (Fla. 4th DCA 1999), there are substantial identities of interest between the misnamed initial defendant and the substituted, correctly named defendant, and the correctly named defendant unquestionably had early knowledge of the plaintiffs' *629 claims. See also Thomas v. Northside Foods, Inc., 827 So.2d 378 (Fla. 3d DCA 2002). As a result, MGA suffered no prejudice from the misnomer, and relation back is warranted.
The order dismissing MGA with prejudice, the order denying rehearing, and the final judgment as to MGA are therefore reversed. On remand the trial court should reinstate the amended complaint as to MGA and should direct MGA to file a timely responsive pleading (the statute of limitations was the only matter raised in MGA's motion to dismiss) to the Stirmans' claims.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] We assume, as the trial court was required to assume, that the factual allegations in the complaint and amended complaint are true.
[2] The court denied the motion to dismiss of Hsin Loon Metal Manufacturing Co., Ltd.