IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EUGENE SMITH,

     Appellant,

v.

REGINALD BRUSTER, et al.,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5093

Opinion filed September 11, 2014.

An appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

Eugene Smith, pro se, Appellant.

Lisa Truckenbrod of Jolly & Peterson, P.A., Tallahassee, for Appellees Sheriff David Morgan and Deputy Reginald Bruster.

Stephen R. Moorhead of McDonald Fleming Moorhead, Pensacola, for Appellee Pensacola Habitat for Humanity, Inc.

VAN NORTWICK, J.

     Eugene Smith challenges a final judgment entered in favor of the appellees,

Reginald Bruster, David Morgan, and Pensacola Habitat for Humanity, Inc.,

following entry of an order dismissing Smith's amended complaint with prejudice. We reverse and remand for further proceedings.

On January 6, 2012, Eugene Smith, pro se, filed a complaint against Reginald Bruster alleging that Bruster, an Escambia County deputy, telephoned Hattie Smith, the mother of Eugene Smith, to advise that the real property on which she was residing was being seized by the Escambia County Sheriff's Department and would be subject to forfeiture pursuant to Florida law. Smith and his mother were directed to report to the sheriff's office. According to the allegations of the complaint, when they reported on October 13, 2005, they were each instructed to execute a quitclaim deed. No forfeiture proceedings, as required by the Florida Contraband Forfeiture Act, section 932.703 *et seq.*, Florida Statutes, were conducted, Smith alleged. By his complaint, he sought damages for violation of the Contraband Forfeiture Act. By an amended complaint, Smith also asserted a cause of action for fraud.

Bruster moved to dismiss the action on the ground that Smith had failed to join Hattie Smith, an indispensable party by virtue of her joint ownership of the property. He also alleged that Smith failed to state a cause of action. Attached to the motion was a copy of the quitclaim deeds which bear an execution date of October 13, 2005. By these deeds, the ownership interests of Eugene Smith and

2

Hattie Smith were transferred to the Escambia County Sheriff's Office.  Bruster had witnessed the deeds.

Smith opposed dismissal and attached to his memorandum filed with the court were copies of correspondence from the office of the Escambia County Sheriff which reports that the property was "deeded/forfeited" to the sheriff "during the course of a narcotics investigation."  In 2007, the sheriff offered the property to Pensacola Habitat for Humanity, Inc.  According to a letter submitted by Smith, the property was received "through the Florida forfeiture statute and the prior owners have quitclaimed them over to the Escambia Sheriff's Office."

Smith moved *ore tenus* to amend his complaint to add indispensable party.  This motion was granted, and Bruster's motion to dismiss was denied.  Thereafter, Smith filed an amended complaint listing Hattie Smith as an "involuntary plaintiff" and listing Habitat for Humanity, as an additional defendant.  Bruster again moved to dismiss, arguing, among other things, that a claim against him, whether it be in his official or individual capacity, was barred by the statute of limitations.  He asserted that Smith's cause of action accrued on October 13, 2005, the date the quitclaim deeds were executed.  Smith again opposed dismissal attaching to his memorandum a letter to Smith from the tax collector's office, dated April 11, 2007, advising that Smith was delinquent in his property taxes for the real property at issue for the years 2005 and 2006.  Smith also moved for summary judgment

3

attaching to his motion the deed and a letter from the Clerk of the Court for Escambia County, dated August 25, 2010, advising Smith that a search disclosed no record of a forfeiture action in Escambia County naming Smith as a defendant.

Although not initially named as a defendant, Smith added David Morgan, Sheriff of Escambia County, as a defendant. Morgan joined in a motion with Bruster to dismiss the amended complaint. The trial court granted dismissal of the amended complaint, observing that Smith's cause of action was one for return of real property, which must be commenced within seven years after the cause of action accrued. The trial court determined that the cause of action accrued on October 13, 2005, when the quitclaim deeds were executed. The trial court found that, while the original and first amended complaint were timely filed, neither included Hattie Smith as a party. The trial court ruled that the statute of limitations had since run, and that Hattie Smith could not be now added as a party because an amended pleading seeking to add a new party does not relate back to the date of the original pleading, citing the authority of Arnwine v. Huntington Nat. Bank., N.A., 818 So. 2d 621 (Fla. 2d DCA 2002). This appeal ensued.

The standard of review governing the dismissal of a complaint is *de novo*. Allen v. Frazier, 132 So. 3d 361 (Fla. 1st DCA 2014). This court is required to accept as true at this stage the amended complaint's well-pleaded factual allegations and is to draw all reasonable inferences from these allegations in

4

Smith's favor.  See Hall v. Knipp, 982 So. 2d 1196, 1198 (Fla. 1st DCA 2008); Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732, 734-35 (Fla. 2002); Todd v. Johnson, 965 So. 2d 255, 257 (Fla. 1st DCA 2007).

The statute of limitations begins to run from the time the cause of action accrues. § 95.031, Fla. Stat.; see Bauld v. J.A. Jones Constr. Co., 357 So. 2d 401 (Fla. 1978).  A cause of action accrues when the last element constituting the cause of action occurs.  § 95.031(1); see Bauld.  In a fraud action, the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the facts constituting the fraud.  See, e.g., Brugiere v. Credit Commerciale France, 679 So. 2d 875 (Fla. 1st DCA 1996); First Fed. Sav. & Loan Ass'n of Wisconsin v. Dade Fed. Sav. & Loan, 403 So. 2d 1097 (Fla. 1981).  Taking the allegations of the second amended complaint as true, as we must, the complaint states a cause of action for fraud.[1]  By his amended complaint, Smith sought either the return of the real property or damages.

We cannot agree with the trial court that Smith's cause of action accrued at the time of the execution of the quitclaim deeds.  Here, as alleged in the complaint,

---

[1] The essential elements of a fraud claim are:  (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation.  See Lopez-Infante v. Union Cent. Life Ins. Co., 809 So. 2d 13, 15 (Fla. 3d DCA 2002).

a uniformed narcotics officer advised the owners of real property that their property was being seized pursuant to the state forfeiture act and the owners were thus instructed to execute a quitclaim deed. That forfeiture proceedings pursuant to section 932.704, Florida Statutes, had not and would not be followed was not a matter obviously knowable to the Smiths at that time. As the reviewing court in First Federal Sav. & Loan explained, while the law of fraud does not endorse a "hear no evil, see no evil approach," neither does it require that an aggrieved party to have presumed wrongdoing from the outset. 403 So. 2d at 1100 (citing Hudak v. Economic Research Analysts, Inc., 499 F.2d 996, 1002 (5th Cir. 1974)).

Section 95.11(3)(j) provides that a legal or equitable action founded on fraud must be brought within four years; however, pursuant to section 95.031(2)(a), the period for filing a cause of action founded on fraud does not commence to run until the time the facts giving rise to the cause of action were discovered, or should have been discovered by the exercise of due diligence. Whether an individual, by the exercise of reasonable diligence, should have known he had a cause of action against the defendant is, ordinarily, an issue of fact. Puchner v. Bache Halsey Stuart, Inc., 553 So. 2d 216 (Fla. 3d DCA 1989). Focusing solely on the allegations of the amended complaint, which we must accept as true, we cannot say as a matter of law that by the exercise of reasonable diligence, Smith could have discovered the alleged fraud more than four years before January 6, 2012, the date

6

Smith's original complaint was filed. A more developed record is required for such a determination. See Xavier v. Leviev Boymelgreen Marquis Developers, LLC, 117 So. 3d 773 (Fla. 3d DCA 2012) (reversing dismissal of fraud complaint and remanding for further development of the record to determine when the cause of action accrued). Accordingly, the cause is remanded to the trial court to determine when, by the exercise of due diligence, Smith should have determined he had a cause of action for fraud given the allegations of his amended complaint.

Further, on remand, the trial court is to allow the addition of Hattie Smith as a party to the complaint. We recognize that Arnwine does hold that, generally speaking, the addition of a new party will not relate back to the date of the original pleading, as the trial court ruled below. However, the addition of a new party will relate back when the new party is sufficiently related to the existing parties that the addition will not cause prejudice. Arnwine, 818 So. 2d at 624; Darden v. Beverly Health & Rehab., 763 So. 2d 542, 542-43 (Fla. 5th DCA 2000); Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So. 2d 451, 453 (Fla. 4th DCA 1999); Kozich v. Shahady, 702 So. 2d 1289, 1291 (Fla. 4th DCA 1997). As explained in Arch Specialty Ins. Co. v. Kubicki Draper, LLP, 137 So. 3d 487, 491 (Fla. 4th DCA 2014),

> [w]here there is no doubt regarding the identity of the party intended to be named, it is not unfair or unjust to permit a plaintiff to correct its pleading particularly because the defendant suffers no prejudice. See St.

7

John's Hosp. & Health Ctr. v. Toomey, 610 So. 2d 62, 64 (Fla. 3d DCA 1992) (finding amendment of plaintiff from hospital to hospital foundation was correction of a misnomer which related back to original complaint where the subject of the suit remained the same, and the defendant had actual notice who the intended plaintiff was.

Factors typically considered in determining whether a new party should relate back include whether the ownership interests of the new and original parties overlap. Arnwine, 818 So. 2d at 624; Schwartz, 725 So. 2d at 453; Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332, 1334 (Fla. 4th DCA 1993). As both Hattie Smith and Eugene Smith had an ownership interest in the property quitclaimed to the Sheriff's Department, their interests obviously overlapped. The rule permitting amendments to pleadings, and the relation-back doctrine, are to be liberally construed and applied. Linafelt v. Bev, Inc., 662 So. 2d 986 (Fla. 1st DCA 1995). Thus, the addition of Hattie Smith should relate back to the original complaint. As our Supreme Court has explained,

the objective of all pleadings is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the 'tricks and technicalities of the trade.' The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.

Cabot v. Clearwater Constr. Co., 89 So. 2d 662, 664 (Fla. 1956).

REVERSED and REMANDED for further proceedings.

8

ROBERTS, AND CLARK, JJ., CONCUR.