IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SYLVIA A. RUSS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D14-2772

CAROLYN WILLIAMS,

     Appellee.

_____/

Opinion filed March 20, 2015.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Mark W. Nonni of Barrett, Fasig & Brooks, Tallahassee, for Appellant.

Steven M. Puritz and William D. Horgan of Pennington, P.A., Tallahassee, for
Appellee.

WETHERELL, J.

     Sylvia Russ appeals the dismissal of her amended complaint against Carolyn

Williams in this negligence case. We affirm because the trial court correctly

determined that the amended complaint was barred by the statute of limitations and did not relate back to the date of the original complaint against Mrs. Williams' husband.

## *Factual and Procedural Background*

On May 15, 2009, Ms. Russ was involved in a motor vehicle crash with another vehicle. In November 2012, Ms. Russ filed a complaint against Mr. Williams alleging that he was the owner and operator of the other vehicle involved in the crash. The complaint was served on March 1, 2013, and Mr. Williams thereafter filed an answer denying the allegations in the complaint and raising several boiler-plate affirmative defenses.

On May 23, 2013, a week after the statute of limitations expired, Mr. Williams filed a motion for summary judgment with supporting affidavits establishing that Mrs. Williams was the sole owner of the other vehicle involved in the crash and that she was driving the vehicle at the time of the crash. In response, Ms. Russ filed a motion for leave to file an amended complaint substituting Mrs. Williams for Mr. Williams as the defendant in order to "correct a mistake or misnomer in identifying the party defendant." Mr. Williams filed a response in opposition to the motion in which he argued that Mrs. Williams would be an entirely new party to the suit and that any claim against her arising out of the crash would be barred by the statute of limitations. Ms. Russ filed a reply in which she argued that the amended complaint

2

would relate back to the date of the original complaint. The trial court granted Ms. Russ leave to file an amended complaint, but specifically reserved ruling on the factual and legal sufficiency of the amended complaint.

On October 4,[1] 2013, Ms. Russ filed an amended complaint in which she alleged that Mrs. Williams was the owner and operator of the vehicle involved in the crash. Mr. Williams was not named in the amended complaint. Mrs. Williams promptly filed a motion to dismiss the amended complaint as barred by statute of limitations. Ms. Russ filed a response in opposition to the motion in which she argued that Mrs. Williams would not be prejudiced if the amended complaint related back to the date of the original complaint because Mrs. Williams is "sufficiently related" to Mr. Williams by virtue of their status as husband and wife and "prior to the statute of limitations' expiration [Mrs. Williams] had notice of the claim [Ms. Russ] is alleging and she had notice of the fact that she was the intended party defendant."

The trial court granted the motion to dismiss, reasoning that:

> While Florida law is clear that the relation-back doctrine

---

[1] The amended complaint was filed on October 13, but the order granting leave to file the amended complaint stated that the amended complaint "shall be deemed to have been filed as of the date of this order," which was October 4. Technically, the amended complaint should have been deemed filed as of the date the motion for leave to amend was filed, see Rayner v. Aircraft Spruce Advantage, Inc., 38 So. 3d 817, 819 (Fla. 5th DCA 2010), but that has no bearing on our analysis because the motion for leave to amend was filed on September 5, 2013, after the statute of limitations expired.

> would apply if a newly added corporate defendant and the prior defendant held themselves out to the public under the same name, shared bank and credit accounts, and shared the same officers, staff, address etc. . . . there appear to be no controlling cases regarding a husband-and-wife under these circumstances. The only evidence before the court is that Mrs. Williams was operating her solely owned vehicle at the time of the accident. As she has a separate existence, and is responsible for her own acts, the amended complaint injects a new defendant and different claim.

The trial court thereafter entered a final order dismissing the amended complaint, and Ms. Russ timely appealed the dismissal order to this court.

### *Analysis*

We review the dismissal order and the trial court's determination that the relation-back doctrine does not apply under the de novo standard of review. See Caduceus Props., LLC v. Graney, 137 So. 3d 987, 991 (Fla. 2014); Smith v. Bruster, 151 So. 3d 511, 514 (Fla. 1st DCA 2014).

It is undisputed that the amended complaint that brought Mrs. Williams into this suit was filed after the applicable statute of limitations expired. See § 95.11(3)(a), Fla. Stat. (providing that an "action founded on negligence" must be commenced within four years of the date the cause of action accrues). Accordingly, unless the amended complaint relates back to the date of the original complaint, Ms. Russ' claim against Mrs. Williams is barred. See § 95.011, Fla. Stat. ("A civil action or proceeding . . . shall be barred unless begun within the time prescribed in this chapter . . . .").

4

"[G]enerally, the relation-back doctrine [2] does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired." Caduceus Props., 137 So. 3d at 993. However, courts have recognized an exception to this rule "for separate parties with a sufficient 'identity of interest' such that the 'addition will not prejudice the new party.'" Rayner, 38 So. 3d at 820 (quoting Arnwine v. Huntington Nat'l Bank, N.A., 818 So. 2d 621, 624 (Fla. 2d DCA 2002)); see also Schwartz ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So. 2d 451, 453 (Fla. 4th DCA 1999) (explaining that "[t]he 'identity of interest' is manifested in circumstances as when the companies (1) operate out of a single office; (2) share a single telephone line; (3) have overlapping officers and directors; (4) share consolidated financial statements and registration statements; (5) share the same attorney, and (6) receive service of process through the same individual at the same location").

The cases in which this "identity of interest" exception has been applied to allow the addition of a new party defendant after the expiration of the statute of limitations involved the substitution of one corporate entity for another, see, e.g., Stirman v. Michael Graves Design Grp., Inc., 983 So. 2d 626 (Fla.

---

2  See Fla. R. Civ. P. 1.190(c) ("When a claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.").

5

3d DCA 2008); Williams v. Avery Dev. Co.-Boca Raton, 910 So. 2d 851 (Fla. 4th DCA 2005); Arnwine, supra; Darden v. Beverly Health & Rehab., 763 So. 2d 542 (Fla. 5th DCA 2000); Schwartz, supra; Kozich v. Shahady, 702 So. 2d 1289 (Fla. 4th DCA 1997); Argenbright v. J.M. Fields Co., 196 So. 2d 190 (Fla. 3d DCA 1967), or merely changed the capacity in which a defendant has been sued, see, e.g., Cabot v. Clearwater Constr. Co., 89 So. 2d 662 (Fla. 1956); Galuppi v. Viele, 232 So. 2d 408 (Fla. 4th DCA 1970). The gist of the exception is that the relation-back doctrine applies when the new defendant is essentially one in the same as the existing defendant.

This case does not involve two corporate entities that are effectively one in the same entity; it involves two separate individuals. The fact that the individuals are married is immaterial because each spouse has his or her own legal rights and obligations and Florida law is clear that one spouse is not responsible for the torts of the other. See § 741.23, Fla. Stat. (abrogating the common law that a husband is responsible for the torts of his wife). Accordingly, just as a suit by one spouse is separate and distinct from a suit by the other spouse, see W. Volusia Hosp. Auth. v. Jones, 668 So. 2d 635 (Fla. 5th DCA 1996), a suit against one spouse is separate and distinct from a suit against the other spouse.

We recognize that in two recent cases we relied on the "identity of interest" exception to reverse the dismissal of claims by and against individuals added after

6

the statute of limitations expired.  See HSBC Bank USA, N.A. v. Karzen, 40 Fla. L. Weekly D530 (Fla. 1st DCA Feb. 26, 2015); Smith, 151 So. 3d at 515.  However, those cases are factually distinguishable from this case.

In HSBC Bank, the original complaint named Karen Karzen and her "unknown spouse" as defendants.  Thereafter, Ms. Karzen filed an answer identifying Donald Raymond Raybuck as her spouse. Subsequently, after the statute of limitations expired, an amended complaint was filed substituting Mr. Raybuck for the "unknown spouse."  Mr. Raybuck filed a motion to dismiss the complaint as to himself on statute of limitations grounds and the trial court granted the motion.  On appeal, this court reversed, explaining that the "amendment did not name a new party but clarified an existing party's name." HBSC Bank, 40 Fla. L. Weekly at D531. Here, by contrast, Mrs. Williams was not an existing party to the suit filed by Ms. Russ.  Moreover, unlike Mr. Raybuck, she did not participate in this suit from its inception or file papers identifying herself as a proper defendant.

In Smith, the original complaint named only one plaintiff, Eugene Smith. Thereafter, in response to the defendants' motion to dismiss for failure to join an indispensable party, Mr. Smith filed an amended complaint adding his mother as an additional plaintiff.  The defendants moved to dismiss the amended complaint on statute of limitations grounds and the trial court granted the motion ruling that the mother was a new party so the amended complaint did not relate back to the date of

7

the original complaint. On appeal, this court reversed, explaining that "the addition of a new party will relate back when the new party is sufficiently related to the existing parties that the addition will not cause prejudice" and that the interests of the mother and son "overlapped" because of their joint ownership of the property at issue in the suit. Smith, 151 So. 3d at 515. The relationship at issue in Smith was not the familial (mother-son) relationship, but rather was based on the fact that the property at issue was jointly owned by Mr. Smith and his mother. Moreover, unlike this case, the mother was being added as an additional plaintiff not a new defendant. Cf. Roger Dean Chevrolet, Inc. v. Lashey, 580 So. 2d 171, 171 (Fla. 4th DCA 1991) (affirming the addition of a corporation as an additional party plaintiff along with the corporation's principal and rejecting the appellant's reliance on cases involving the addition of party defendants "which has different ramifications").

Finally, we have not overlooked the fact that Mrs. Williams apparently became aware of the original complaint within the statute of limitations period when the complaint was served on Mr. Williams, but that has no significance under the circumstances of this case because it is undisputed[3] that the Williams did not do

---

[3] Counsel for Ms. Russ candidly explained in the response to Mrs. Williams' motion to dismiss the amended complaint that:

> Plaintiff [Ms. Russ] was well aware of the fact that a woman was operating the motor vehicle which caused the subject collision, and . . . that Plaintiff communicated this information to undersigned counsel's office. Thus, when

anything to mislead Ms. Russ as to the identity of the proper defendant. Compare Gray v. Exec. Drywall, Inc., 520 So. 2d 619, 621 (Fla. 2d DCA 1988) (affirming dismissal of amended complaint against defendant added after the statute of limitations expired even though the defendant "had knowledge of the litigation prior to the running of the statute of limitations, knew or should have known that plaintiff could have added [the defendant] as an additional defendant, and thereby suffered no prejudice by being added after the running of the statute of limitations" because the defendant had "no obligation to advise plaintiff who to sue") with Argenbright, 196 So. 2d at 194 (reversing dismissal of amended complaint against defendant added after the statute of limitations expired because the defendant undertook extensive discovery aimed at prolonging matters until after the statute of limitations expired); see also Johnson v. Taylor Rental Ctr., Inc., 458 So. 2d 845, 846 (Fla. 2d DCA 1984) (observing that cases holding that an amended complaint adding a new defendant after the statute of limitations relates back to the filing of the original complaint typically involved "the original defendant lull[ing]

---

undersigned counsel's office prepared the original Complaint, the intent was to allege a negligence claim against Carolyn Williams. So, the simple fact of the matter is that undersigned counsel's office made a mistake while preparing the original Complaint which, regrettably undersigned counsel did not catch until Defendant Herschel Williams' Motion for Summary Judgment was filed.

9

the plaintiff into believing that he had sued the correct party until after the statute of limitations expired").

## *Conclusion*

For the foregoing reasons, we affirm the trial court's order dismissing Mrs. Russ' amended complaint against Mrs. Williams.

AFFIRMED.

SWANSON and BILBREY, JJ., CONCUR.