[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13650

_____

D.C. Docket No. 3:15-cv-00216-MCR-CJK

BEACH COMMUNITY BANK,

Plaintiff-Appellant,

versus

CBG REAL ESTATE LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 9, 2017)

Before WILSON and JULIE CARNES, Circuit Judges, and ROYAL,[*] District
Judge.

---

[*] Honorable C. Ashley Royal, United States District Judge for the Middle District of
Georgia, sitting by designation.

PER CURIAM:

Beach Community Bank brought this lawsuit against CBG Real Estate, LLC, asserting claims under Florida law for fraud, negligent misrepresentation, and unjust enrichment.  Beach alleged that CBG induced it into making a loan to a third-party borrower by misrepresenting the borrower's creditworthiness.  On CBG's motion, the district court dismissed Beach's claims as time-barred under Florida's statute of limitations.  Beach now appeals that ruling.  After oral argument, and upon careful consideration of the record, we agree with Beach that the claims at issue should not have been dismissed as being time-barred.

## I.

In June 2005, CBG's predecessor-in-interest, Colonial Bank, N.A., loaned over $14 million to Riverwalk Freeport Investments, LLC to develop real estate located in Walton County, Florida, which also served as collateral for the loan. Riverwalk defaulted early, and often, by failing to make timely payments.  Despite Riverwalk's repeated defaults, Colonial took no action to foreclose on its interest in the real estate.  Instead, it repeatedly modified and renewed Riverwalk's loan. In total, Riverwalk defaulted on the loan four or five times between September 2006 and July 2007, and Colonial renewed the loan each time.

In January 2008, Riverwalk approached Beach about obtaining a new loan to pay down some of its debt to Colonial.  Beach contacted John Beasley, Colonial's

2

senior vice president and credit officer, to ask about Riverwalk's creditworthiness. Over the course of several telephone conversations in March and April 2008, Beasley told Beach that Riverwalk was "an excellent credit risk," that it was current and performing on its loan payments to Colonial, and that it had "excellent prospects for full repayment." Beasley did not disclose Riverwalk's repeated defaults. Based in part on Beasley's glowing report, Beach loaned $2.4 million to Riverwalk in May 2008, with the development property again serving as collateral. Riverwalk immediately transferred the $2.4 million to Colonial.

That same year, Colonial's parent company created CBG Real Estate, LLC. In December 2008, without Beach's knowledge, Colonial assigned the Riverwalk loan to CBG.[1]

In March 2009, when Riverwalk once again failed to pay its loans, Colonial declared the Riverwalk loan in default. This time, however, Colonial did not renew the loan. Instead, in May 2009 it initiated foreclosure against Riverwalk. Colonial filed the foreclosure complaint, alleging that it was the owner and holder of the Riverwalk loan, and omitting any mention of CBG's status. On the same day that Colonial filed its foreclosure action, Beach likewise declared default on its own loan to Riverwalk and, in August 2009, Beach filed its own foreclosure action against Riverwalk.

---

[1] For reasons that are unclear, CBG assigned the loan back to Colonial Bank in March 2009, but later on that same day, Colonial Bank assigned the loan right back to CBG.

3

In October 2012, nearly three years after filing its foreclosure action, Colonial amended its complaint against Riverwalk to name CBG as an additional plaintiff.  That prompted Beach to look into the relationship between Colonial and CBG.  Its inquiry revealed that Colonial and CBG shared the same parent corporation and that Colonial had assigned its interest in the Riverwalk loan to CBG in 2008.  Beach also learned for the first time that Riverwalk had not been current on its loans with Colonial in 2006 and 2007, contrary to what Beasley had said in 2008, but had instead defaulted on the loan numerous times.

On April 16, 2015, Beach filed a lawsuit against CBG in Florida state court, asserting various fraud claims—including fraudulent inducement, common law fraud, fraudulent misrepresentation, and negligent misrepresentation[2] (Counts I–IV)—as well as an unjust enrichment claim (Count V).  Beach alleged that Colonial had induced it into extending a loan to Riverwalk by misrepresenting Riverwalk's creditworthiness and that, as an assignee of the Riverwalk loan, CBG was liable for Colonial's misrepresentations.

After removing the case to federal district court on diversity grounds, CBG moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  It contended

---

[2]  Under Florida law, a negligent misrepresentation claim sounds in fraud, *see Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014), and is therefore subject to the same limitations period as other fraud claims.  *See also Burton v. Linotype Co.*, 556 So. 2d 1126, 1129 (Fla. 3d DCA 1989) ("Negligent misrepresentation is tantamount to fraud.") (citations omitted).  For the sake of simplicity, we will refer to Counts I–IV, which includes the negligent misrepresentation claim, as the "fraud claims."

4

that Beach's claims were barred by Florida's statute of limitations and that Beach had otherwise failed to state claims upon which relief could be granted. Taking judicial notice of Colonial's and Beach's foreclosure complaints, the district court found "as a matter of law that Beach should have discovered with the exercise of due diligence the facts giving rise to its fraud claims when it filed its foreclosure action against Riverwalk" in August 2009. Based on that finding, the district court dismissed Beach's claims as time-barred.

## II.

As a preliminary matter, we note that Beach challenges only the district court's dismissal of its fraud claims in this appeal; it does not challenge the dismissal of its unjust enrichment claim. For that reason, we affirm the district court's dismissal of Beach's claim for unjust enrichment.

Beach contends that the district court erred in dismissing its fraud claims as time-barred. We review *de novo* a district court's Rule 12(b)(6) dismissal on statute of limitations grounds. *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 159 (11th Cir. 1992). "A statute of limitations bar is an affirmative defense and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks and alterations omitted). Thus, at the Rule 12(b)(6) stage the district court may dismiss

5

a claim on statute of limitations grounds "only if it is apparent from the face of the complaint that the claim is time-barred." *Id.* (quotation marks omitted).

Under Florida law, an action for fraud must be commenced within four years. Fla. Stat. § 95.11(3)(j). A fraud claim does not accrue, however, until "the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a). "Whether an individual, by the exercise of reasonable diligence, should have known he had a cause of action against the defendant is, ordinarily, an issue of fact which should be left to the trier of fact." *Jones v. Childers*, 18 F.3d 899, 907 (11th Cir. 1994) (quotation marks and alteration omitted); *see also Smith v. Bruster*, 151 So. 3d 511, 514 (Fla. 1st DCA 2014).

Beach argues that it was not put on notice of and did not discover Colonial's fraud until sometime after October 2012, when it first learned of CBG's existence. If Beach is correct, its fraud claims accrued around or after October 2012, meaning its April 16, 2015 filing was timely. CBG argues, however, that Beach should have been alerted to any alleged fraud at least by August 2009, when Beach initiated its own foreclosure action against Riverwalk. By that point, CBG maintains, Beach knew or should have known about Riverwalk's precarious financial situation and a reasonably diligent investigation would have revealed that CBG's representations about Riverwalk's creditworthiness were false. If CBG is

6

correct, Beach's fraud claims accrued in August 2009 and its April 16, 2015 filing was therefore untimely.

Accepting as true the allegations in the complaint, we cannot conclude as a matter of law that Beach should have discovered Colonial's alleged fraud more than four years before April 16, 2015.  Recall that Beasley's alleged misrepresentations about Riverwalk's financial condition happened in January 2008, nearly a year-and-a-half before Beach filed its foreclosure complaint.  That Riverwalk's financial condition in August 2009 was weak does not necessarily imply that Beach should have suspected that Beasley's statements about Riverwalk's good financial prospects in January 2008 were false—nor, if those statements were inaccurate, that Beasley knew this to be the case.  Construing the facts in the light most favorable to Beach, as we must at this stage, Beach may have supposed that Beasley's predictions about Riverwalk's success simply didn't pan out or that he had been every bit as duped by Riverwalk as Beach had been. And even assuming that Riverwalk's default in August 2009 should have raised Beach's suspicions, at this early stage of the litigation, there is no evidence about what a diligent investigation by Beach would have revealed.

In short, to determine whether and when Beach should have discovered Colonial's fraud, we would need a more developed factual record.  *See Smith*, 151 So. 3d at 514–15; *Xavier v. Leviev Boymelgreen Marquis Developers, LLC*, 117

So. 3d 773, 775 (Fla. 3d DCA 2012).  The district court therefore erred in dismissing Beach's fraud claims as time-barred.  If, on remand, discovery reveals facts showing that Beach should have been alerted to CBG's fraud at an earlier time, summary judgment may then be warranted.  *See La Grasta*, 358 F.3d at 848 ("[D]epending on what discovery reveals, the result at the summary judgment stage may or may not be the same.").

## III.

We **AFFIRM** the district court's dismissal of Beach's claim for unjust enrichment (Count V).  We **VACATE** the district court's dismissal of Beach's claims for fraudulent inducement, common law fraud, fraudulent misrepresentation, and negligent misrepresentation (Counts I–IV).  We **REMAND** the case for further proceedings consistent with this opinion.

**AFFRIMED IN PART, VACATED IN PART, and REMANDED.**

8