DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LINDA FRIEDEL,

Appellant,

v.

ELIZABETH EDWARDS,

Appellee.

No. 2D20-2233

_____

September 29, 2021

Appeal from the Circuit Court for Lee County; Alane Laboda, Judge.

Alexander Brockmeyer, Molly Brockmeyer and Mark Boyle of Boyle, Leonard & Anderson, P.A., Fort Myers, for Appellant.

Jesse R. Butler of Dickinson & Gibbons, P.A., Sarasota, for Appellee.

LUCAS, Judge.

Elizabeth Edwards was involved in a car accident with Linda Friedel on December 1, 2015. Ms. Friedel filed a negligence complaint against Ms. Edwards in the Lee County Circuit Court.

The lawsuit, however, was not filed until February 15, 2019; and as it happened, Ms. Edwards had passed away some three months earlier.

On December 17, 2019, the circuit court entered an order removing the now-deceased Ms. Edwards and substituting Scott Kuhn, Esq., as the personal representative for the Estate of Elizabeth Edwards (Estate). According to the court's order, Mr. Kuhn agreed to accept service on behalf of the estate and respond to Ms. Friedel's complaint within twenty days of service.

The Estate eventually moved to dismiss the complaint, asserting that the court lacked subject matter jurisdiction over the action. Its argument ran as follows: since the complaint named a deceased person as the defendant, and since an action cannot proceed against a deceased person, the complaint was a "legal nullity," and, therefore, the court had no jurisdiction to proceed upon it. Furthermore, the Estate maintained, Ms. Friedel's complaint could not be amended and relate back to the original filing because "th[e] action was and is invalid, . . . . the four-year time limit in which to bring this action has expired[, and] [t]he court in *Staines*[ *v. R.J. Reynolds Tobacco Co.,* 239 So. 3d 164 (Fla. 1st

DCA 2018),] held that without jurisdiction, no basis existed in which the relation back doctrine could apply."[1] Thus, according to the Estate, Ms. Friedel was barred from seeking recovery on her negligence claim.

The circuit court agreed and entered an order deeming "the Complaint void as a matter of law" in that it failed to confer jurisdiction upon the court. Because the statute of limitations had run, and the relation back provision of Florida Rule of Civil Procedure 1.190(c) "was inapplicable," the court dismissed the complaint with prejudice.

Ms. Friedel has brought this timely appeal.

We review a circuit court's determination of subject matter jurisdiction de novo. *See Artz ex rel. Artz v. City of Tampa*, 102 So. 3d 747, 749 (Fla. 2d DCA 2012). Whether a proposed amended complaint should be permitted and whether it should relate back to a prior filing under rule 1.190(c) is reviewed for an abuse of

---

[1] *See* Fla. R. Civ. P. 1.190(c) ("When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.").

discretion.  *See Bosco v. Glob. Props. of Naples, LLC*, 319 So. 3d 181, 183 (Fla. 2d DCA 2021); *Est. of Eisen v. Philip Morris USA, Inc.*, 126 So. 3d 323, 327, 336 (Fla. 3d DCA 2013).  In both respects, the circuit court erred.

First, the complaint that was filed was not a "legal nullity."  To the contrary, Ms. Friedel asserted a tried-and-true cause of action in negligence, alleged a sufficient amount in controversy for the circuit court's jurisdiction, detailed sufficient factual allegations to satisfy our state's fact pleading standard, and included a demand for judgment.  That is all that is required to begin a negligence lawsuit.  *See* Fla. R. Civ. P. 1.110(b).  "The pleading threshold to invoke the subject matter jurisdiction of the circuit court when the complaint is one for money damages is not high."  *Foley v. Wilson*, 126 So. 3d 340, 341 (Fla. 3d DCA 2013).  It may have been improper to name the late Ms. Edwards personally as a party defendant in the initial complaint, but a factual discrepancy of that nature does not render a pleading "void ab initio" any more than if the evidence were to show that Ms. Edwards had not, in fact, been negligent, or that Ms. Friedel's damages had not, in fact, arisen to the circuit court's jurisdictional threshold.

4

The circuit court concluded to the contrary because of a discrete (and, as yet, unsettled) vein of civil law concerning deceased plaintiffs in civil actions. The First District has held that the filing of a civil complaint in the name of a deceased plaintiff should be considered a legal nullity. *See In re 73 Engle-Related Cases*, 239 So. 3d 166, 168-69 (Fla. 1st DCA 2018) ("The lawsuits filed here were nullities because a dead person cannot file and maintain a lawsuit. . . . [P]laintiffs' counsel had no authority to file and maintain these cases on behalf of the dead plaintiffs."). While the premises the First District recited are well founded, our district has never addressed what the legal effect of filing a complaint on behalf of a predeceased plaintiff ought to be. There is perhaps an arguable justification for tethering a predeceased plaintiff's status to subject matter jurisdiction because civil lawsuits—and, hence, a civil court's adjudicative powers—must be initiated by a plaintiff or petitioner's action. On the other hand, courts routinely allow substitution of plaintiffs where an originally named plaintiff lacked sufficient standing to maintain an asserted cause of action. *See, e.g., Griffin v. Workman*, 73 So. 2d 844, 846 (Fla. 1954) ("[T]he proceeding was not a nullity. It was, on the other hand, a [cause]

pending in which, by the liberal principles of our Code, the party plaintiff, though lame in one particular, might be allowed to cure that defect and proceed to a determination of the merits." (quoting *Archdeacon v. Cincinnati Gas & Elec. Co.*, 81 N.E. 152, 154 (Ohio 1907))); *Arch Specialty Ins. Co. v. Kubicki Draper, LLP*, 137 So. 3d 487, 491 (Fla. 4th DCA 2014) (holding that it was error to deny motion to amend to correct plaintiff name because "[a]lthough Arch Specialty inserted an incorrect plaintiff name in its original complaint, there is no doubt that the identity of the intended plaintiff was the insurance company" and the defendant would suffer no prejudice "because the cause of action would still squarely center on the alleged malpractice"); *Cunningham v. Fla. Dep't of Child. & Fams.*, 782 So. 2d 913, 916 (Fla. 1st DCA 2001) ("If a personal representative was improperly appointed, the subsequent appointment of a substituted personal representative relates back to the filing of the original wrongful death complaint, and the substituted personal representative is entitled to go forward with the action."); *see also Est. of Eisen*, 126 So. 3d at 328, 336 (holding that the circuit court abused its discretion when it denied a deceased plaintiff's estate leave to amend to name the properly

appointed personal representative and observing that "Florida courts have taken the view that, generally, an amendment to a complaint changing the plaintiff, which does not introduce a new cause of action or make any new or substantially altered claim, relates back to the commencement of the action so as to avoid the operation of the statute of limitations").

We need not decide the issue today, though, because by all accounts, the plaintiff here, Ms. Friedel, is very much alive. She has properly pled a cause of action. And she has a right to seek redress and be heard in the circuit court. The prohibition described in *73 Engle-Related Cases*, to the extent it is properly grounded in subject matter jurisdiction, has no applicability to this case.[2]

_____

[2] In so holding, we acknowledge other state appellate courts have held to the contrary. But we find their reasoning somewhat lacking. To be sure, a dead person cannot be a party to a lawsuit. But why it follows that an action against a deceased individual must be void for lack of subject matter jurisdiction is a point that seems to be either conspicuously ignored, *see, e.g., Volkmar v. State Farm Mut. Auto. Ins. Co.*, 432 N.E.2d 1149, 1151 (Ill. App. Ct. 1982) ("[A] dead person is a non-existent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court."), or premised only on "common sense," *see, e.g., Oliver v. Swiss Club Tell*, 35 Cal. Rptr. 324, 329 (Cal. Dist. Ct. App. 1963) (noting that a suit brought against a legally nonexistent

Turning now to the second error, it was an abuse of discretion not to grant Ms. Friedel leave to file an amended complaint that substituted the Estate and related back to the filing of the original action.  "It is well-settled that the rule permitting amendments to pleadings, and the relation-back doctrine, are to be liberally construed and applied."  *Est. of Eisen*, 126 So. 3d at 328-329 (collecting cases).  As we explained in *Sorenson v. Bank of New York Mellon as Trustee for Certificate Holders CWALT, Inc.*, 261 So. 3d 660, 663 (Fla. 2d DCA 2018),

> Florida Rule of Civil Procedure 1.190(a) provides that "[l]eave of court [to amend pleadings] shall be given freely when justice so requires."  Behind this rule is a "[p]ublic policy favor[ing] the liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the

---

entity is "void *ab initio*" and "[t]he common sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity" (citations omitted)), which overlooks important and well-developed principles of liberally allowing amendments, avoiding prejudice to parties, and preferring actions be decided on their merits.  *See Caduceus Props., LLC v. Graney*, 137 So. 3d 987, 991–92 (Fla. 2014); *cf. Marcus v. Art Nissen & Son, Inc.*, 586 N.E.2d 694, 697 (Ill. App. Ct. 1991) (addressing cases cited to support that "a complaint filed by or against a dead person does not invoke the jurisdiction of the court and is accordingly a nullity," and noting that "[n]one [of the cited cases involving lawsuits against dead defendants] contains a rationale for the stated proposition" that such a suit is void ab initio).

amendment of pleadings to allow cases to be decided on their merit." *Laurencio v. Deutsche Bank Nat'l Trust Co.*, 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (citing *S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 62 (Fla. 2d DCA 2011)). "A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile." *Id.*

Moreover, in *May v. HCA Health Services of Florida, Inc.*, our court held that amendments should relate back to the original date of filing if the new party "knew or should have known that the plaintiff had made a mistake or was guilty of a misnomer as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party." 166 So. 3d 850, 854 (Fla. 2d DCA 2015) (quoting *Arnwine v. Huntington Nat'l Bank, N.A.,* 818 So. 2d 621, 624 (Fla. 2d DCA 2002)). We observed that "[t]he relation back doctrine is in accordance with the policies that [the rule] permitting the amendment of pleadings[] 'should be liberally construed' and that 'cases should be resolved on the merits whenever possible.' " *Id.* at 854 n.2 (quoting *Caduceus Props., LLC v. Graney*, 137 So. 3d 987, 993 (Fla. 2014)).

9

Ms. Friedel's proposed amendment changed nothing in her complaint except to substitute Mr. Kuhn as the personal representative of Ms. Edwards' estate for the late Ms. Edwards. It concerns the same accident between the same persons on the same date, it is brought in the name of the same plaintiff, it asserts the same cause of action, and it was filed in the same court.[3] The Estate has not, and cannot, plausibly claim it would be prejudiced since the nearly identical original complaint was, without question, timely filed. We have found no case where a Florida court has shut the courthouse doors to a litigant who sued a deceased defendant and sought leave to amend to properly substitute the defendant's estate. We decline the Estate's invitation to be the first to do so.

Accordingly, we reverse and remand with instructions to grant Ms. Friedel's motion for leave to amend.

Reversed and remanded with instructions.


VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

_____

[3] We suspect the court's second error likely proceeded from its first because it appears the circuit court simply failed to conduct the appropriate Rule 1.190 analysis.

Opinion subject to revision prior to official publication.